**MONROE BODY CO. et al. v. HERZOG et al.**

(Circuit Court of Appeals, Sixth Circuit.
July 10, 1926.)

No. 4425.

1. Patents ☞326(4).

Failure to direct reformation of pleadings in contempt proceedings for violation of patent infringement injunction, so as to separately present and dispose of criminal issues, *held* not to require reversal.

2. Patents ☞326(4).

Private penalty assessed in proceeding for contempt of patent infringement injunction, assessed in addition to damages and profits that might be required in pending accounting, *held* not objectionable.

3. Patents ☞326(4).

Passing on issues as to actual infringement by modified forms in proceeding for contempt of patent infringement injunction *held* within discretion of trial court, order thereon being more specific interlocutory injunction and appealable.

4. Patents ☞326(4).

Opinion of Circuit Court of Appeals as to question of infringement on former appeals *held* law of case on appeal from order adjudging contempt for violation of injunction thereon.

5. Patents ☞112(3).

Patents covering defendant's specific form raise no substantial inference of noninfringement.

Appeal from the District Court of the United States, for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Proceeding in contempt by John Herzog and another against the Monroe Body Company and another. Order of contempt, and defendants appeal. Affirmed.

See, also, 298 F. 423.

Chappell & Earl and Fred L. Chappell, all of Kalamazoo, Mich., for appellants.

Whittemore, Hulbert, Whittemore & Belknap and William J. Belknap, all of Detroit, Mich. (Clarence B. Zewadski, of Detroit, Mich., of counsel), for appellees.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. After the mandate went down upon the second former appeal in this case (Monroe Co. v. Herzog [C. C. A.] 2 F.[2d] 837), plaintiff began a proceeding in contempt against defendant. It was entitled in the equity case, alleged that the defendant had deliberately and willfully violated the injunction by making more infringing machines than the interlocutory order permitted, and had further violated the injunction by making and selling machines not reported, and by making others of modified forms which still continued to be within the injunction. The petition asked that he be attached and punished for contempt, and enjoined from these infringements. Upon the hearing the court found that there was deliberate and willful contempt, and imposed a fine to be paid to the United States as and for a criminal contempt, held that the new forms were also infringements, and imposed a penalty to be paid to plaintiff on account of this continued infringement.

[1] Defendant's first contention on this appeal is that there was no criminal proceeding and could be no punishment as for criminal contempt. The applicable principles are sufficiently discussed in the opinion of this court in Proudfit Co. v. Kalamazoo Co., 230 F. 121, 131, 134, 144 C. C. A. 418, and in the opinion of the Supreme Court in Gompers v. Buck Co., 221 U. S. 418, 441, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. There was no fatal error in not having a distinct and separate petition devoted to the criminal contempt. The petition as filed contained sufficient allegations for that purpose, and the order as made clearly disclosed the intent of the court to find and to punish the quasi criminal offense. It would doubtless be better practice, when a proceeding of this kind reaches the stage where the court thinks a criminal offense has been committed and should be punished, to direct a reformation of the pleadings, so as to present and dispose of somewhat separately the issue on that subject; but the lack of such formal separation does not require a reversal of the judgment.

Although the review proceeding is by appeal, and upon this part of the case should have been by writ of error, there is no difficulty in this case in completely disregarding the mistake in practice, upon the authority of section 10 of the Act of February 13, 1925 (Comp. St. Supp. 1925, § 1649b), and, the finding being sufficient to support the judgment, it must be affirmed.

[2] The specific objection against the imposition of the private penalty is that it was made additional to the damages and profits that might be recovered in the pending accounting, and was not to have any effect upon such accounting. We see no objection to this. A private penalty of this kind is imposed, not to compensate for assessable damages and profits, but with reference to those items of damages which are not thus assessable.

[3] The court below by this order also disposed of the issue as to actual infringement by two further modified forms. Whether to pass upon such issues in this summary way is usually for the discretion of the court, and we see no abuse of discretion in this case in this respect. The order thereon was in effect a further and more specific interlocutory injunction and was appealable.

[4] Upon the merits of the question of infringement we agree with the court below. Defendant has persistently endeavored to retain the benefit of the patented invention, while denying its scope. This court, in the first and second appeals, took the view that the invention was entitled to a substantial breadth of construction, and ought not to be escaped by variations in the method of applying its principle. It may or may not be that the court should have given greater effect to some parts of the earlier art, and therefore have found the invention to be of a very narrow scope; but the opinion of the court was otherwise, and that is the law of the case, from which we are not persuaded that we should depart.

[5] With this view, the two variations now in question are still within the proper scope of the claims. It is not of substantial importance that defendant has procured patents covering his later specific forms, as we have frequently held that such patents raise

no substantial inference of noninfringement. The supposition that they do raise such inference overlooks the familiar fact that in issuing patents no attention whatever is paid to the (possibly broad) scope of the claims of former patents, but only to their specific disclosures.

The order appealed from is in all respects affirmed.