## MONROE BODY CO. et al. v. HERZOG et al.

Circuit Court of Appeals, Sixth Circuit.
April 6, 1927.

No. 4425.

Patents ⬤⟶326(4)—Petition for contempt for violation of patent infringement injunction, by merely asking that attachment be issued, held not to authorize punitive part of order.

A merely punitive sentence may not be imposed in or collateral to a civil proceeding till after respondent has fairly been given to understand that such a result is sought by the complainant or the government, or is contemplated by the court; so the mere fact that petition, in contempt proceeding by plaintiffs in patent infringement suit against the defendants therein for violation of the injunction granted, asks that an attachment be issued against a defendant for his contempt, a common and appropriate prayer for process in a purely civil contempt proceeding, does not authorize that part of the order which directs payment of a fine to the United States.

On application for rehearing. Order modified.

For former opinion, see 13 F.(2d) 705.

Chappell & Earl and Fred L. Chappell, all of Kalamazoo, Mich., for appellants.

Whittemore, Hulbert, Whittemore & Belknap and William J. Belknap, all of Detroit, Mich. (Clarence B. Zewadski, of Detroit, Mich., of counsel), for appellees.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

PER CURIAM. As to the matter of criminal punishment, we announced our conclusion that the record was sufficient to support the punishment imposed. 13 F.(2d) 705, 706. Upon rehearing and further reflection, we are led to the opposite conclusion. It is true that the petition asked that an attach-

ment be issued against Smith for his contempt; but this is so common and appropriate a prayer for process in a purely civil contempt proceeding that we are not content to consider it sufficient to put the respondent on notice that he is in jeopardy of an order which will be in part punitive, rather than coercive or otherwise remedial; and notice of such jeopardy given, however informally, to a respondent, we take to be the minimum of the protection to which he is in this respect entitled under the principles of the Gompers Case, 221 U. S. 418, 441, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.

That case may very well be distinguished, and some things said may be plausibly pronounced dicta; the practice, perhaps, particularly in patent and bankruptcy cases, by which the respondent's conduct is presented to the court, which may, according to its judgment, impose a punishment of a criminal character to vindicate the authority of the court's order, or of a remedial character to compel performance or to make compensation, or both punitive and remedial, is a practice very convenient, and, at least in patent cases, upheld by familiar instances in the lower courts; but, as we understand the principles of decision in the Gompers Case, we feel that we are constrained by them to hold that a merely punitive sentence cannot be imposed in or collateral to a civil proceeding until after the respondent has fairly been given to understand that such a result is sought by the complaining party, or by the the United States, or is contemplated by the court.

It results that our former order in this respect must be set aside, and so much of the order below as directs a fine to be paid to the United States must be vacated; in other respects, our former order is not disturbed.