**DOUGHNUT MACHINE CORPORATION v. DEMCO, Inc., et al.**

No. 1616.

District Court, D. Maryland.

July 2, 1930.

Adams & Hargest and Edmond H. Johnson, all of Baltimore, Md. (Fraley & Paul, Frank B. Fox, and Henry N. Paul, all of Philadelphia, Pa., of counsel), for plaintiff.

Frank J. Kent and George Ramsey, both of New York City, and Edwin F. Samuels, of Baltimore, Md., for defendants.

SOPER, District Judge.

Subsequent to the denial of plaintiff's motion for preliminary injunction herein [on March 12, 1930, 39 F.(2d) 132], additional motions with accompanying affidavits were filed by plaintiff, in which the plaintiff renewed its application in regard to both type A and type B machines. The application in regard to the type A machine was based upon information which, in the plaintiff's view, indicated that defendants had not made a full and frank disclosure at the prior hearing as to the number and location of the type A machines theretofore manufactured or distributed by them. The facts were presented to the court at the present hearing in the form of affidavits. None of the affiants were present in court, so that there was no opportunity for an explanation of the conflicts of testimony, nor for cross-examination by opposing counsel. Some confusion results as to the precise number of the infringing type A machines which were originally distributed and have since been abandoned or removed from use; but the court is unable to find that the plaintiff has lifted the burden upon it to show that the facts were not fairly presented to the court at the prior hearing, and, accordingly, the plaintiff's renewed motion for an injunction pendente lite, so far as the type A machines are concerned, is denied for the reasons stated in the former opinion.

The situation as to the type B machine, however, differs from that which was previously presented to the court. At the former hearing, it was conceded that the type B machine, as observed in the plant of the Koester Company, did not infringe; but the affidavits before the court now disclose that there is in one place at least a type B machine which, in the opinion of the court, infringes the patent. This machine is substantially similar in character to that described in the former opinion of this court, with at least one important addition, namely, that the moving belts are surrounded by wire mesh aprons which move therewith. The machine in question is being operated on the premises of the Hanover Lunch Company in New York City, to which it was delivered by defendants in place of one of the type A machines which were withdrawn after notice of infringement. Expert observers on behalf of the plaintiff have filed affidavits that the machine in question in operation turns over as much as 60 per cent. of the doughnuts in the course of manufacture, and defendants' expert swears that in the operation of the machine, the percentage turned over at times will be over 50 per cent., and at other times, less than this amount. It seems to be agreed that the number of doughnuts turned over depends upon certain variable conditions, more or less subject to the control of the manufacturer, such as the temperature of the grease, the level of the cooking liquor, the size and quality of the dough and doughnuts, etc. It was the opinion of the plaintiff's experts that the turnover of the doughnuts was due to the use of the wire mesh covering the moving belts, but defendants' expert takes the position that the turnover takes place in the machine described irrespective of the use of the wire mesh. In either case, there is a substantial infringement of claim 1 of the Tomlinson patent, No. 1,320,662, interpreted by the Circuit Court of Appeals of the Ninth Circuit in Bake-Rite Mfg. Co. v. Tomlinson, 16 F.(2d) 556. Therefore the court is of the opinion that the plaintiff is entitled to an injunction pendente lite, so far as machines of the form B construction are concerned. It was agreed between counsel that in the event of the issuance of an injunction, a bond in the sum of $10,000 to indemnify the defendants should be given by the plaintiff. Accordingly, an order will be signed enjoining the defendants from making, using, or selling automatic doughnut cooking machines of the form and operation of the machine herein designated as "Defendants' Form B Machine," containing in said machines any automatic apparatus or device operating to turn over doughnuts in the course of cooking the same, the plaintiff to file a bond in the sum of $10,000.