SQUANKUM & FREEHOLD MARL CO. (HORTON v.). See Case No. 6,710.

SQUAUGH (UNITED STATES v.). See Case No. 16,370.

## Case No. 13,269.

### In re SQUIRE.

[3 Ban. & A. 133;[1] 2 O. G. 1025.]

Circuit Court, E. D. Missouri. Oct. 22, 1877.

PATENTS — CONTEST — REMEDY IN EQUITY — PRACTICE.

1. A bill filed under section 4915 of the Revised Statutes is an original and not an appellate proceeding; and in such a proceeding it is proper to take the testimony before an examiner.

2. The practice, in such a proceeding, is governed according to equity rules, and a party contesting the petitioner's right to a patent cannot confine him to matters existing of record in the patent office, or in the supreme court of the District of Columbia.

[Cited in Butler v. Shaw, 21 Fed. 327; Butterworth v. U. S., 112 U. S. 50, 5 Sup. Ct. 31; Gandy v. Marble, 122 U. S. 439, 7 Sup. Ct. 1292.]

3. Section 4915, of the Revised Statutes must be construed to mean that when an application is refused by the commissioner (as in cases of interferences), or by the supreme court of the District of Columbia (as in other cases), the applicant may have remedy by bill in equity.

4. Such a case having been presented by a bill in equity and notice given, as prescribed, the subsequent proceedings must be such as pertain to equity causes.

5. The court will receive all the proceedings had before the patent office, and, when an appeal lies to the supreme court of the District of Columbia, all the proceedings had before that court, together with all new and additional testimony taken in the equity proceedings.

John J. Squire and one McDonough were in interference in the patent office upon their

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

several applications for patents. The decision of the commissioner was adverse to Squire, who thereupon brought a bill under section 4915 Rev. St., and gave the proper notice to McDonough, who appeared and answered. The question arising whether Squire could introduce testimony in this proceeding other than that given before the commissioner, Squire moved for the appointment of a special examiner, under the amended 67th rule, which motion was opposed by McDonough.

S. S. Boyd, for the motion.
West & Bond, contra.

TREAT, District Judge. It appears that Squire and McDonough made separate application for a patent substantially for the same device. The examiner of interferences decided in favor of Squire. Upon appeal, the board of examiners-in-chief, sustained by the acting commissioner, reversed the decision of the examiner of interferences. Thereupon Squire instituted this suit, under section 4915, of the United States Revised Statutes, for a decree in his favor for a patent for his invention, as specified in his claim, or for such part thereof as he may be found entitled to. The petitioner now moves for an examiner to take testimony, to which motion McDonough, who has received due notice, being the "adverse party," appears and objects, on the ground that the proceedings in this suit are substantially an appeal from the patent office, to be determined solely by the matters of record in that office, with no new or independent testimony admissible. It is, therefore, for this court to decide what, under the United States patent laws, is the appropriate mode of proceeding in such a case, and what testimony can be received. Section 4886 prescribes for what, and under what, facts and circumstances, a patent may be procured. Section 4893 states what preliminary steps are to be had for the purpose. Section 4904 provides the course to be pursued when, in the opinion of the commissioner, an interference may exist. The primary examiner must first pass upon the case; then, if appeal is had, the board of examiners-in-chief must decide. Section 4909 gives the right of appeal in cases like that now before the court to the board of examiners-in-chief, and section 4910 from said board to the commissioner in person. There is a marked distinction running all through the patent laws between cases where interferences are supposed to exist and where applications for patents are made, no interferences appearing. Thus section 4911 reads: "If such party" (applicant), "except a party to an interference, is dissatisfied with the decision of the commissioner, he may appeal to the supreme court of the District of Columbia, sitting in banc." Section 4915 must be construed distributively, viz.: When application is refused by the commissioner (as in cases of interferences), or by said supreme court (as in other cases), "the appli-

cant may have remedy by bill in equity, and the court having cognizance thereof, on notice to adverse parties, and other due proceedings had, may adjudge," etc.

Such a case having been presented by a "bill in equity," and notice given as prescribed, the "due proceedings" to follow must be such as pertain to equity causes. Reference to section 4918 supports this view, for it provides for relief by a "suit in equity," notice and "due proceedings had according to the course of equity." The system permits appeals to run the indicated course to the supreme court of the District of Columbia in all cases except those of interferences. In the latter, if the commissioner decides against either of the applicants, he may have his remedy by "bill in equity," with "due proceedings had," as in the other cases he may proceed by such a bill after said court, on appeal, has passed upon the controversy. So, when interfering patents have been granted, remedy by "suit in equity," under section 4918, is allowed, "on notice to adverse parties and other due proceedings had according to the course of equity."

It would seem, therefore, that the course of proceeding in either case is clear—viz., "according to the course of equity." Even in the absence of these explicit terms it would be apparent that a suit in equity would have to be governed in its proceedings by equity rules. A manuscript decision by Justice Nelson, in the case of Atkinson v. Boardman [Case No. 607], has been produced, wherein section 16 of the act of 1836 (5 Stat. 123), and section 10 of the act of 1839 (5 Stat. 354), were under consideration. So far as the point now before this court is concerned, those sections and the opinion of Justice Nelson are very pertinent and applicable, for sections 4915 and 4918 contain substantially the same language, and are in reference to the same subject—indeed, a revision mainly of those sections of the prior acts.

Justice Nelson held: "The question before the commissioner and chief justice contested was a question of fact—namely, which of the parties was the first and original inventor. The same question is now before us, resting upon the proofs which were before the commissioner, and also additional testimony taken since the filing of the bill. * * * The provisions of the acts of congress, already referred to, allowing the party failing in his application, to file a bill, do not restrict the hearing, in this court, to the testimony used before the commissioner. Either party, therefore, is at liberty to introduce additional evidence, or rather, to speak more accurately, the hearing is altogether independent of that before the commissioner, and takes place on such testimony as the parties may see fit to produce agreeably to the rules and practice of a court of equity. The evidence before the commissioner is not evidence here, except by consent of parties. It is taken, generally, without much regard to formality, and is ex

parte, and, even if permitted to be used here, not entitled to the credit of proof taken in the usual way."

In Ex parte Greeley [Case No. 5,745], a decree for a patent was sought after an appeal had to the supreme court of the District of Columbia. The bill was filed under section 52 of the act of July 8th, 1870, being the same as section 4915 of the Revised Statutes, and the United States circuit court, in stating the case and referring to the foregoing section 52, incidentally remarked that "it is virtually an appeal from the decree of the supreme court of the District of Columbia rejecting the application for a patent." So far as ascertainable from the reported case, only the records of the patent office, the proceedings in the supreme court of the District of Columbia, and the affidavit of the complainant in support of his bill, were before said circuit court.

Section 43 of the act of July 8th, 1870, now section 4905 of the Revised Statutes, authorizes the commissioner of patents to "establish rules for the taking of affidavits and depositions required in cases pending in the patent office; and such affidavits and depositions may be taken before any officer authorized by law to take depositions to be used in the courts of the United States, or of the state where the officer resides." The sections following provide the modes of enforcing the attendance of witnesses.

Hence, all the proceedings had before the patent office should be received, together with such other testimony as may be taken in the progress of this suit. When the United States circuit court for the district of Massachusetts spoke of the case before it as "virtually an appeal," it did not determine that no new testimony was allowable, nor that the cause was to be governed solely by rules pertaining to an appeal.

In stating that the case was "virtually an appeal," no more was meant than that the object of the bill was to secure a different result from that which the patent office and the supreme court of the District of Columbia had allowed. In that sense alone was there a virtual appeal.

The case before Justice Nelson was, in the then condition of the statutes, for an allowance of a patent which had been refused; the sections of the then existing statute being what, under subsequent legislation, have become sections 4915 and 4918 of the Revised Statutes. This is a case, however, as was that before Justice Nelson, for a patent which had been refused. The refusal here was on the ground of interference. Irrespective of the ground of refusal, and irrespective of the fact that an appeal may or may not lie to the supreme court of the District of Columbia, and, also, irrespective of the fact that interfering patents may have been issued, the complaining party may have his remedy in equity under section 4915 or 4918, as the case may be, and the proceedings will be of the

same character. The court will receive all the proceedings had before the patent office, and when an appeal lies to the supreme court of the District of Columbia, all the proceedings had before that court, together with all new and additional testimony taken in the equity proceedings. If this be not so, then no force is given to the legislative will which permits suits in equity after decision by the patent office and the said appellate court. A United States circuit court proceeds not as an appellate tribunal, but as a court of original jurisdiction.

The motion is granted.