## MAJESTIC ELECTRIC APPLIANCE CO., Inc., v. HICKS. *

Circuit Court of Appeals, Ninth Circuit.
February 20, 1928.

No. 5202.

1. Patents ⬤⟿312(1⅛)—It was presumed patentee did not infringe another's patent, where applications presented by same attorneys were pending simultaneously.

Where applications for both patents involved in infringement suit were pending in Patent Office at the same time, and respective applicants were represented by the same attorneys, and existence of conflict in claims did not occur to officials of the Patent Office or to the attorneys, grant of letters patent created presumption that device manufactured under one of patents did not infringe any of claims of other patent.

2. Patents ⬤⟿328—1,518,067, claims 9 to 17, for electric wall heater, held not infringed.

Patent No. 1,518,067, claims 9 to 17, for electric wall heater, *held* not infringed, in view of prior art.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Patent infringement suit by William Wesley Hicks against the Majestic Electric Appliance Company, Inc. Interlocutory decree in plaintiff's favor, adjudging infringement, and defendant appeals. Reversed and remanded, with instruction.

John H. Miller and A. W. Boyken, both of San Francisco, Cal., for appellant.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal. (Charles M. Fryer, of San Francisco, Cal., of counsel), for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellee, as plaintiff in the court below, obtained an

*Rehearing denied March 26, 1928.

interlocutory decree adjudging infringement by the appellant of claims 9 to 17, inclusive, of letters patent No. 1,518,067, issued to the appellee on December 2, 1924, for an "electric heater." The said heater consists of an outer metallic grill plate which sets against and covers an opening in the wall, a heating element behind the grill, consisting of one or more hollow vertically disposed refractory cores on which resistent wires are arranged, a reflector or inner shell of less area than the grill, and a back plate or outer shell, spaced from the reflector, so as to form an air chamber all around the reflector. Claim 9 is as follows:

"An electric heater, comprising a vertically disposed hollow heating element, a base on which said element is mounted, the base being provided with an aperture registering with the passage in the hollow heating element, a plate behind said heating element, and a back plate at the top and bottom to permit the flow of air through the space between the plate and the back plate."

The appellant was making and selling heaters under the patent issued to Wm. W. Weir, No. 1,494,654.

The appellee's application was pending in the Patent Office from July 17, 1922, to December 2, 1924. The Weir application was pending from April 11, 1923, to May 20, 1924. It thus appears that both applications were pending simultaneously before the Patent Office, and for a period of 13 months, and it also appears that both applicants were represented by the same attorneys. At no point in the proceedings does it appear to have occurred to the officials of the Patent Office or to the attorneys who represented the applicants that Weir's claims were in conflict with those of the appellee. But it does appear that the claims of the appellee's application met with repeated objection and rejection by the Patent Office officials on reference to antecedent patents, notably the patent to Sharpe, No. 1,064,258, of June 10, 1913, and the patent to Kuhn, No. 1,096,927, of May 19, 1914. Sharpe in his specifications claimed that he effected heating both by circulation and by radiation. His heater is a wall heater, and contains a flue between the outer shell and the inner plate, open at the top and bottom for the passage of air. Reflection takes place from the polished surface of the reflection plate, and convection takes place through a rear flue or space formed by the reflection plate and the rear of the box. Kuhn's heater is also an electric wall heater, quite similar to that of Sharpe, containing a reflector plate,

which is spaced from the outer shell, so as to form a flue open above and below for the passage of air.

The appellee distinguished his device from that of Sharpe by pointing to the fact that Sharpe's reflecting plate extended upward only for about four-fifths of the distance between the base and the top of the heater, and did not incline forward, and he stressed the fact that a strong current of air through the appellee's heater was secured by curving the back wall of the outer shell forward "in a smooth curve to the grill, so that the air will travel rapidly over the surface." He said that in the Kuhn heater the upper end of the outer shell was flat, so that air would become pocketed, and he pointed also to the fact that Kuhn did not have a hollow electric heating element through which a draft of air was induced. But we find that the use of a vertical hollow heating element open at the top and bottom is disclosed in one of the forms of heaters manufactured and sold by the appellant, prior to the appellee's invention. It was an electrical heater, which contained all the essential elements of the appellee's heater and was adapted to be placed in a cavity in a wall and to heat a room both by radiation and convection. It had a metallic grill, a metallic back pan, a copper reflector spaced from the back pan, and it had two electrical heating cores in some instances placed vertically and wound with resistance wire. A vertical open hollow heating element is shown also in the patent to Bowen, No. 512,797, issued January 6, 1894, in the patent to Perkins and Jones, No. 483,940, issued October 4, 1892, in the patent to Scott, No. 1,401,447, issued December 27, 1921, and in the patent to Muir, No. 1,418,667, issued June 6, 1922.

In brief, all the elements of the appellee's combination are found in the prior art. What he added was a skillful arrangement of the elements, an increase in the size and number of members of the hollow electric heating element, an improvement in the form of the reflector and the back plate, all of which conduced to the efficiency of his heater, made it acceptable to the trade, and resulted in its extensive adoption for heating purposes. But in view of the prior art it must be held that he is entitled to but a narrow construction of his claims, and is substantially limited to his details of construction.

[1] The grant of letters patent to Weir under the circumstances above indicated creates the presumption that his heater does not infringe any of the appellee's claims. In Boyd v. Janesville Hay Tool Co., 158 U. S. 260,

261, 15 S. Ct. 837, 39 L. Ed. 973, the court said:

"As both applications were pending in the Patent Office at the same time, and as the respective letters were granted, it is obvious that it must have been the judgment of the officials that there was no occasion for an interference, and that there were features which distinguished one invention from the other. In Pavement Co. v. City of Elizabeth, 4 Fish. Pat. Cas. 189, Fed. Cas. No. 312, Mr. Justice Strong said: 'The grant of letters patent was virtually a decision of the Patent Office that there is a substantial difference between the inventions. It raises the presumption that according to the claims of the latter patentees this invention is not an infringement of the earlier patent.' It would also seem to be evident that as the purpose of the invention was the same, and as the principal parts of the respective machines described were substantially similar, it was also the judgment of the office that the distinguishing features were to be found in some of the smaller and perhaps less important devices described and claimed."

Among the cases so holding are Miller v. Eagle Manufacturing Co., 151 U. S. 186, 208, 14 S. Ct. 310, 38 L. Ed. 121; Kokomo Fence Machine Co. v. Kitselman, 189 U. S. 8, 23, 23 S. Ct. 521, 47 L. Ed. 689; Fore Electric Mfg. Co. v. St. Louis Electrical Works (C. C. A.) 280 F. 49, 52; Leader Plow Co. v. Bridgewater Plow Co. (C. C. A.) 237 F. 376, 380; Century Electric Co. v. Westinghouse E. & Mfg. Co. (C. C. A.) 191 F. 350, 363; Ransome v. Hyatt (C. C. A.) 69 F. 148. There is no room here for the recognition of the exception to the rule that where a patentee has made a primary invention of a machine or a combination which accomplishes a result not before produced by such a combination or machine, the presumption may arise that a subsequent patent for an invention of the same nature is for a subordinate invention, as was held by this court in Bake-Rite Mfg. Co. v. Tomlinson, 16 F.(2d) 556.

[2] The presumption that the Weir heater does not infringe is, we think, sustained by the evidence. His heater has a grill behind which is a hollow rectangular tile or fire brick set in a metal box. The front wall of the tile is arched outwardly and is grooved horizontally. In the grooves, which are ten in number, are inserted heating coils which extend across the face of the tile. In the tile between its front wall and its back are four vertical open spaces or flues, 3¼ inches wide and varying in depth from half an inch to an inch and a quarter, and open above and below for the passage of air. The reflector which is found in the appellee's patent, and is made a part of each of the claims which are in controversy here is absent from the appellant's heater.

The appellee's contention to the contrary cannot be sustained. He asserts that the upper edge of each groove across the face of the tile is in effect a reflector, and he refers to Weir's specifications in which it was said that the "upper wall of each groove acts as a reflector, reflecting rays of heat forwardly." But, obviously, Weir meant that heat was radiated forward from the groove, for elsewhere in the specifications he adverts to the white clay composition of the tile, which he says is "highly refractory." And it seems true, as one witness testified, that no appreciable reflection of heat can take place, and that "it must all be radiation from the face of the block." But, if there is a small degree of reflection of heat from the narrow upper walls of the grooves, it is obvious that Weir's heater does not use such a reflector as is called for in the appellee's claims. Nor does Weir's heater have a rear flue. The narrow space which is left between the asbestos strips inserted between the rear wall of the tile and the box in which it is mounted is not a flue for the convection of heat, and obviously is not adapted or intended to operate as such. These differences of construction are sufficient to avoid infringement.

The decree is reversed, and the cause is remanded, with instruction to dismiss the bill.