### Application of PARR.

Court of Appeals of District of Columbia.

Submitted May 15, 1928. Decided June 4, 1928.

No. 2065.

1. Patents ⚖═32—Doubt as to patentability should be resolved in favor of applicant.

In case of real doubt as to patentability, doubt should be resolved in favor of applicant.

26 F.(2d)—64

2. Patents ⚖═17(3)—Edible ice cream containers held patentable as advance in art.

Claim in application for a patent on edible ice cream containers, limited to particular structure shown, held patentable as constituting an advance in the art.

Appeal from Commissioner of Patents.

In the matter of the application of George T. Parr for a patent on edible ice cream containers. From a decision rejecting all of the claims, the applicant appeals. Reversed as to one of claims, and affirmed as to others.

J. E. Lind, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office rejecting all of the claims in appellant's application for a patent on edible ice cream containers.

Claim 8, being representative, is here reproduced: "An ice cream container formed of edible material comprising a pair of bowed substantially parallel side walls, end walls intersecting at one end connecting said side walls and defining an opening, said side walls having an outward flare adjacent said opening, a bead formed in said walls surrounding said opening and corrugations in certain of said walls strengthening the same and extending to said bead."

According to the specification and drawings, appellant's container simulates the shape of a piece of pie, the sides of the container having longitudinal corrugations that are said to prevent the walls from breaking while the ice cream is being consumed. The side walls of the container have an outward flare adjacent to the opening; it having been found that without the flare many containers would warp and break during shipment. In addition to these features, the extreme edge of the container is provided with a bead or lip for the purpose of still further strengthening the container.

The Board of Examiners in Chief and the Assistant Commissioner were of the view that no invention was involved in giving to the container shown in Rea's design patent, No. 40,739, dated June 21, 1910, a shape corresponding to that shown in the Morrison patent, No. 883,734, dated April 7, 1908.

In the Rea design patent it does not appear whether the corrugations in the side

walls of the container stand out from the material or are merely fluted, but it does appear that the corrugations do not extend to the edge of the container. In other words, these corrugations in the Rea design are obviously for decorative purposes only. Nor is there an outward flare to the side walls adjacent to the opening in the Rea design. Moreover, in the Rea design, the edge is disclosed as merely bent outwardly, while in appellant's container the walls around the opening contain a bead which strengthens the edges of the container.

The patent to Morrison is a nonedible container for holding a piece of pie. It possesses none of the characteristics which appellant sets forth in his specification as essential in a practical edible ice cream container.

Appellant represented to the Patent Office that, when he finally succeeded in placing his container upon the market, it met with immediate and widespread demand.

[1, 2] It is apparent that claim 8 does not read upon either the Rea or the Morrison patents. When the delicate character of these edible containers is considered, a slight change productive of practical results may be of considerable importance. Appellant has made an advance in the art, his claim is carefully limited to the particular structure shown, and under our rule a real doubt as to patentability should be resolved in his favor. Being of the view that something more than mere mechanical ability was involved in the development of his receptacle, we award him claim 8, or its substantial equivalent. Decision reversed as to claim 8, and affirmed as to the other claims.

Reversed as to claim 8. Affirmed as to other claims.