## THE PRESIDENT ARTHUR.

District Court, S. D. New York.   August 2, 1928.

Purrington & McConnell, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant (receiver).

On Exceptions to Report of Special Commissioner.

THACHER, District Judge.   ▉ Upon the question of deviation I concur with the commissioner in holding that decision is controlled by The Willdomino, 272 U. S. 718, 47 S. Ct. 261, 71 L. Ed. 491, notwithstanding the decision of the Supreme Court in The Malcolm Baxter (No. 459, October Term, 1927) 48 S. Ct. 516, 72 L. Ed. 901, decided a few days before the commissioner rendered his decision.   In this case, as in the case of The Willdomino, the ship left port with bunker coal grossly inadequate for the voyage, and this fact must have been known to her responsible officers before sailing.   The deviation to Halifax cannot, therefore, be regarded as involuntary.   The emergency which required deviation arose either from gross negligence or deliberate intention in failing to take on board sufficient bunker coal for the voyage.

▉ As to the question of damage, the measure is the difference between the market value of the cargo at the time and place of delivery, in such condition as it would have arrived, but for the carrier's fault, and its market value in the condition in which, by reason of such fault, it did arrive, with interest to the time of delivery.   U. S. S. Co. v. Haskins (C. C. A.) 181 F. 962; St. John's Corp. v. Companhia General, etc., 263 U. S. 119, 125, 44 S. Ct. 30, 68 L. Ed. 201; U. S. S. B., etc., v. Rosenberg Bros. Co. (C. C. A.) 12 F.(2d) 721, 723.   The commissioner computed the damages upon this basis, and his computation is supported by uncontradicted testimony regarding market values of the onions in good and in damaged condition.   The bags of onions which were only slightly damaged were sold in the condition in which they were delivered.   As to the balance the shippers separated the good onions from the bad, and threw away the bad ones.   What was left was put into stock, and mixed with better onions, and thereafter sold.

These sales of mixed lots cannot be said to have mitigated the damages recoverable under the general rule.   The libelants were entitled to receive onions in good condition.   They got bad ones, and have been damaged to the extent of the difference in market value.   What the libelants did with the onions after they got them is of no concern to the carrier, so long as the damages have been correctly computed upon actual market values.   When goods are sold in their condition when received, the sale is often the best evidence of market value, and therefore necessarily limits recovery; but in this case the onions were not sold in their damaged condition, but were reconditioned and sold with other onions of better quality.   Such sales cannot determine the market value of the onions in the condition in which they were delivered.   It follows that the general rule must apply.

The exceptions to the commissioner's report are overruled, the report is confirmed, and decree is directed accordingly.