## J. D. WALLACE & CO. v. PORTABLE POWER TOOL CORPORATION.
### No. 4475.

Circuit Court of Appeals, Seventh Circuit.

June 16, 1931.

Rehearing Denied Sept. 22, 1931.

Fred M. Davis, Wm. E. Anderson, and Wm. R. Rummler, all of Chicago, Ill., for appellant.

Walter F. Murray and Frank L. Zugelter, both of Cincinnati, Ohio, and George E. Waldo, of Chicago, Ill., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellant appeals from a decree dismissing its bill of complaint for infringement of letters patent No. 1,314,291 issued to Wallace. The district court found that appellee does not infringe.

Wallace described and claimed a combination of elements intended to produce, over the prior art, an improved circular sawing device and accompanying appliances. Claim 12, said to be typical of all claims in suit, is as follows: "The combination with a saw-table having a slot and a circular saw projecting through the slot, of a guard substantially concentric with the saw and also projecting through the slot and presenting a nose normally disposed for engaging the stop in advance of the saw, means for simultaneously adjusting the positions of the axis of the saw and of the guard with respect to the table, and means for normally maintaining the nose of the guard in its position regardless of the said adjustment."

Thus Wallace adopted the teachings of the art in mounting a circular saw upon a fixed table, having a slot in which the saw moved as it worked, covered by an automatic guard. He provided means for tilting the saw in various angles, so that the work could be performed satisfactorily in the variously tilted positions. Other patentees (such as Grosvenor No. 96,224) had previously provided for similarly tilting the saw, while others (such as Evans No. 1,163,517) had provided efficient automatic guards. It remained for Wallace to unite these two functions in one combination. Apparently he accomplished nothing more, unless it be the additional advantage of a narrow slot. Consequently, if we are to concede validity to his patent, it follows that in view of the scope of the prior art his invention must be narrowly limited to the specific device described and claimed.

Wallace, according to his specifications, was attempting to improve circular saws operating on fixed tables by making them adjustable and providing for them automatic guards. The statements in the patent concerning the difficulty in tilting the table and in proper lighting of the work when such tilting occurs, the limitation upon the size of the material to be handled upon a saw table and the displacement of waste by the guard after the material has moved past the saw disc, are applicable not to a comparatively light portable saw such as appellee's, but to one operating upon and through a slotted comparatively heavy fixed table. In view of the operation described in the patent by the saw-table specified in the claims, the patentee manifestly had in mind a stationary table upon which the material was placed for manual movement and manipulation, a stationary base upon which material could be supported, advanced toward, and fed into, the saw. Wallace's file wrapper contents indicate that the mere mounting of an automatic guard, shown in the prior art, was not sufficient to achieve invention, but that he relied upon being able to achieve tilting, likewise old, while using a comparatively narrow slot, a result he claimed not possible under the teachings of the prior art. Such narrow slot had the advantage of additional safety in the operation of a saw upon a supporting table,—an advantage that does not apply to the portable type, such as defendant's device which runs over the material. We believe, therefore, that Wallace's invention, if any, lay in the specific combination of an automatically guarded saw, affixed to and operating upon a substantial supporting table, operating through a narrow slot therein, capable of adjustment in various angles through tilting means provided for that purpose. The language of the court in Majestic Electric Appliance Co. v. Hicks, 24 F.(2d) 165, 166, is pertinent in this connection. There we said: "In brief, all the elements of the appellee's combination are found in the prior art. What he added was a skillful arrangement of the elements, an increase in the size and number of members of the hollow electric heating element, an improvement in the form of the reflector and the back plate, all of which conduced to the efficiency of his heater, made it acceptable to the trade, and resulted in its extensive adoption for heating purposes. But in view of the prior art it must be held that he is entitled to but a narrow construction of his claims, and is substantially limited to his details of construction." If Wallace's claims are not so limited, we would be forced to conclude that they are invalid as any advance upon the prior art, and that they do not patentably distinguish the device described from the prior art.

Appellee's portable saw, alleged to infringe, is manufactured under and in accordance with the Billingsley reissue patent No. 17,087 which is a part of the art covering portable species of power sawing and cutting devices. Presumptively this patent is valid and does not infringe, and the burden of proof was upon appellant to overcome that presumption. Fore Electrical Co. et al.

v. St. Louis Electrical Works et al., 280 F. 49 (C. C. A. 8); Boyd v. Tool Co., 158 U. S. 260, 15 S. Ct. 837, 39 L. Ed. 973.

Examining the facts in this connection, we find that appellant's patent is within the art covering heavy stationary sawing devices, and appellee's within that covering light portable types. In the first, the saw is fixed to a heavy table upon which the work advances to the saw. In the second, an artisan pushes the saw over stationary material, usually a part of a larger structure, such as a floor. Such portable devices make use of no slotted saw tables or material-bearing support. In them the saw is placed upon and operates through a wide slotted foot base which is held parallel to and upon the material and slides over the latter as the work progresses. The heavy table type supports the material upon the stationary table, and the lumber advances thereon. The portable device rests and advances upon the material, which does not change position.

Finding as we do that the claims of the patent relied upon are limited, as above indicated, and that appellee's device does not come within the teachings thereof, but rather within the teachings of the presumptively valid Billingsley patent above referred to, it follows that there is no infringement, and that the decree of the district court should be, and is, affirmed.