**CREAGMILE et al. v. JOHN BEAN MFG. CO. et al.**

No. 718–M.

District Court, S. D. California, Central Division.

Feb. 28, 1940.

Raymond Ives Blakeslee, of Los Angeles, Cal., and Everett N. Curtis, of San Diego, Cal., for plaintiffs.

Lyon & Lyon, and Leonard S. Lyon, Lewis E. Lyon, and Richard F. Lyon, all of Los Angeles, Cal., and Phillip A. Minnis, of San Jose, Cal., for defendants.

McCORMICK, District Judge.

The plenary reference of this patent infringement suit to a special master was a departure from the general practice of this court. There were exceptional reasons for such action, and none of the parties or attorneys objected to the reference in any way, as is shown by the order of reference dated April 9, 1937, on file herein.

The bill of complaint, filed July 15, 1935, charged infringement of four separate patents, but by stipulation of the parties plaintiffs dismissed the action without prejudice as to three of the patents originally involved, and the suit has continued before the special master and here solely upon patent No. 1,840,766, granted January 12, 1932, to J. C. Creagmile for "wheel aligning device." The corporate co-plaintiff is the exclusive licensee of the patentee.

The final report of the special master, consisting of 114 pages of closely typewritten matter, was filed by him on September 1, 1939. It discloses that not less than seventy-five "working days" have been devoted by the special master to the trial, study and decision of the action.

Notice of the filing of the special master's report was duly given by the clerk on September 5, 1939, and pursuant to the stipulation of the parties enlarging time to do so, defendants on September 20, 1939, filed forty separate objections in writing to the report. These have been, by agreement of the solicitors, submitted on briefs, the final brief having been duly filed February 10, 1940. The "briefs" aggregate 372 pages.

We have carefully considered the comprehensive report of the special master, the briefs, and the entire record before us in this action. It appears to the court that the master's material findings of fact are substantially supported by the evidence, and therefore, no clear error appearing, the findings of fact of the special master incorporated in his report, excluding those relating to extraordinary or increased damages, are accepted and made the court's findings of fact herein. Rule 53, subdivision (e) paragraph (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c.

The validity of the patent, as well as the inventive concept which supports and underlies the patent, is the bringing into "the art of dirigible wheel alignment" a novel mechanical combination wherein claims 1, 2 and 3 of the patent, under the doctrine of Eibel Process Co. v. Minnesota & Ont. Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523, are entitled to liberal consideration:

Creagmile, under the record, appears to have been the first to generally conceive and bring into the applicable art a practical mechanical combination entity or unitary apparatus with a minimum of parts whereby dirigible wheels of automobiles and motor trucks are tested and gauged in degrees of angle to determine camber, toe in, turning radius, and caster, of the wheels, while the vehicle is kept in one position.

The questioned patent, which was granted after scrutiny and careful examination by the Patent Office, does, although

somewhat crudely, we think adequately, illustrate, specify and claim an operable novel combination machine which has substantially advanced the art of dirigible wheel alignment and produced commercially valuable results. These accomplishments entitle the patentee to all the fruits of the invention. The Portland Telegram et al. v. New England Fibre Blanket Co., 9 Cir., 38 F.2d 780. These are made secure only by giving, as the master has given, to claims 1, 2 and 3 of the patent a reasonably broad range of equivalents; Jay et al. v. Suetter et al., 9 Cir., 32 F.2d 879; Thomas Day Co. v. Doble Laboratories, 9 Cir., 42 F.2d 6; and when so construed, infringement by defendants' structures or apparatus, exhibits 7 and 8, is established. We are unable to find any clear error in the master's determination of the scope that should be accorded to the three claims under consideration and his decision in that regard should therefore not be disturbed.

■ In the light of Creagmile's accomplishment, as embodied in and taught by the patent in suit, it may now seem simple and no more than would occur to any skillful mechanic to take ideas separately from this and that earlier patent and by such method produce the facsimile of the protected construction or even improve upon the Creagmile apparatus, as defendants appear to have done. But such processes cannot operate to deprive the inventor Creagmile of the benefit of the new ideas and invention which he has disclosed to the public by his patent. Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U.S. 428, at page 435, 31 S.Ct. 444, 55 L.Ed. 527; Bake-Rite Mfg. Co. v. Tomlinson et al., 9 Cir., 16 F.2d 556; Jonas et al. v. Roberti et al., 9 Cir., 7 F.2d 563; Lucke et al. v. Coe, Comm'r., etc., 63 App.D.C. 61, 69 F.2d 379.

We deem it unnecessary and nothing short of supererogation to amplify the lengthy discussion and analysis of this action that is contained in the special master's report. Suffice it to say, as to the inventive aspect of the patent in suit, that nowhere in the art prior to such patent that is submitted and relied upon by defendants do we find any anticipating mechanism or pertinent references which should properly limit Creagmile's claims 1, 2 or 3 to the specific form of wheel aligning device illustrated by the drawings and prescribed in the specifications in the patent. The results attributable to and following the patent disclosures have, as the special master recounts, been so meritorious, progressive and successful that the Creagmile apparatus should be classified as something more than a narrow improvement.

In the Creagmile patent in controversy there is disclosed and claimed one mechanical combination entity or apparatus which, by the use and actuation of a pivoted test bar movable about two axes, when said test bar, or its pointers, is brought up against the outsides of the front wheels of an automobile, automatically upon one gauging or indicating means, respectively determines camber, toe in, turning radius and caster in wheel alignment.

The automatic action of the Creagmile patented device in a cooperative combination where, by using a translatable test bar, all of the four determinations are simply, accurately and quickly made, was importantly novel and shows the exercise of the inventive faculty by Creagmile. We conclude upon the issues of patentability, novelty, utility and scope of invention by holding under the master's report that none of the prior art patents cited by defendants, singly or together, presents the entity of any of the three claims of the Creagmile patent No. 1,840,766, namely, claims 1, 2 or 3.

■ We cannot agree with the master that the record justifies any finding of "deliberate, willful and flagrant" infringement by defendants so as to warrant the assessment of any punitive or increased damages under Section 70, Title 35 U.S.C.A.

The field in which Creagmile worked had been quite actively, but unsuccessfully and inadequately traversed by others before him, as is shown by the prior art history considered by the master in his study of the patent in suit, and while it has been established that the inventor, Creagmile, took the "last step that wins" and turned failure into success in the race for accomplishment, there do exist debatable grounds which warranted the defendants' questioning of plaintiffs' claim to monopoly.

■ The defendants have done no more in this regard than any other ordinary infringer does after notice of the invasion of patent rights. Most offenders attempt to nullify, avoid and get around the lawful claims of an invention as they are written in a patent, and when in good faith nothing more is done by them they are to be subjected to ordinary compensatory damages

and loss of profits if unsuccessful in their contest of a patent.

The record before us indicates that defendants' devices, exhibits 7 and 8, while well within the claims of the Creagmile invention, are also claimed by defendants to have been manufactured under the disclosures of a subsequent patent issued to Morse and Phillips, assignors of defendant Food Machinery Corporation, on November 17, 1936, being No. 2,061,326. This showing is, we think, in itself sufficient to negative any bad faith in the infringing acts of the defendants so as to preclude any right of plaintiffs to recover aggravated damages in this action. Corning v. Burden, 15 How. 252, 56 U.S. 252, 14 L.Ed. 683; General Motors Corp. v. Dailey, 6 Cir., 93 F.2d 938.

There are, however, other matters, such as the acquiescence by Creagmile in the examiner's rejection of original claims upon cited prior patents shown by the file wrapper and contents, and the consideration of other prior patents and pertinent references not mentioned by the Patent Office in the examination of Creagmile's application for the patent in suit, which remove any question of bad faith on the part of defendants in contesting the validity of the patent in controversy or manufacturing and dealing in the accused structures, exhibits 7 and 8 in this action.

It is also settled in this circuit that no increased or trebled gains or profits are allowable to plaintiffs. New England Fibre Blanket Co. v. Portland Telegram et al., 9 Cir., 61 F.2d 648.

Only brief mention, in the light of our decision on the master's findings of fact, need be made of the defendants' objections to the conclusions of law and recommended judgment submitted by the special master.

If the patent and its three claims in issue have been properly interpreted by the master, and we think they have, then it is clear that the defendants' structures, exhibits 7 and 8, are infringements.

Nothing in patent law has been more clearly established than that infringement is not avoided in the disclosure of a device wherein the heart and principle of an invention are used and additions or improvements are made, although patent has issued for such later device. Sanitary Refrigerator Co. v. Winters et al., 280 U.S. 30, 50 S.Ct. 9, 74 L.Ed. 147; Oles Envel-ope Corp. v. Baltimore Paper Co. et al., 4 Cir., 89 F.2d 279.

We think the master was warranted from the evidence in concluding that defendants' exhibits 7 and 8 perform "substantially the same function in substantially the same way to obtain the same result" as the wheel aligning device covered by the Creagmile patent in suit. The Supreme Court, in the Sanitary Refrigerator case, supra, 280 U. S. at page 42, 50 S.Ct. at page 13, 74 L.Ed. 147, said: "Except where form is of the essence of the invention, it has little weight in the decision of such an issue; and, generally speaking, one device is an infringement of another 'if it performs substantially the same function in substantially the same way to obtain the same result. * * Authorities concur that the substantial equivalent of a thing, in the sense of the patent law, is the same as the thing itself; so that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape.'"

We are aware of the two decisions of our Circuit Court of Appeals in Chester N. Weaver, Inc., v. American Chain Co., Inc., 9 Cir., 9 F.2d 372, at page 381, and Majestic Electric Appliance Co., Inc., v. Hicks, 9 Cir., 24 F.2d 165, indicating that the grant of the Morse and Phillips patent created a presumption that devices manufactured under such patent did not infringe the claims of the Creagmile patent, and if the supporting facts of the case at bar as to the issuance of patents both to Creagmile and to Morse and Phillips were substantially the same as in the cited cases, it would be difficult to support the master's determination of infringement here. The facts, however, are not the same. They are vitally different. Here the two applications for patent were not co-pending. To the contrary, the Morse and Phillips application was filed more than two and one-half years after the Creagmile patent in suit had been granted. This essential difference removes the effect of the two appellate decisions. Moreover, in the Majestic Electric Appliance decision our Circuit Court of Appeals expressly recognized that there is no presumption of non-infringement where, as here, the patent in suit is classified as a primary invention of a mechanical combination under the doctrine of the Eibel Process Co. decision by the United States Supreme Court, supra. In a

well-considered decision by the Eighth Circuit Court of Appeals in Freeman et al. v. Altvater et al., 66 F.2d 506, at page 512, the conclusion is reached that instead of a presumption of non-infringement being properly indulged, in a situation like that shown by the record before us, a presumption of the existence of a patentable difference between Creagmile and Morse and Phillips is the proper one to be applied.

We find no reason in this action to direct or order the destruction at this time of any infringing devices which may be now in possession of the defendants.

In the ancillary accounting proceeding which is hereby ordered under the master's report and recommendation as herein modified, all pertinent questions of damages, gains and profits may be considered.

The defendants' objections to the special master's report are overruled as to objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, except as hereinafter specified, 39, except as hereinafter specified, and 40, except as hereinafter specified.

Exceptions allowed defendants as to each adverse ruling herein.

Defendants' objection 36 to the special master's report is sustained for the reasons assigned in the foregoing memorandum. There is no basis for a finding of deliberate, willful and flagrant infringement so as to form a basis for extraordinary or punitive damages.

Defendants' objection 38 is sustained as to special master's finding of fact XVII. This finding is considered immaterial and unnecessary. The inevitable result of successfully contesting a patent or the claims in a patent is free competition between the litigants respecting the subject matter of the contested patent.

Defendants' objection 38 is sustained as to special master's finding of fact XVIII. This finding appears to be a mere narrative of parts of the bill of complaint herein as amended, and particularly of the prayer therein contained. The finding is unnecessary and surplusage, as the pleadings speak for themselves as to what is contained therein, and specifically as to what prayer for relief is stated therein, and insofar as the special master's finding XVIII purports to sustain any right of plaintiffs to the assessment of treble damages herein or to willful infringement as a basis for any such extraordinary or aggravated or punitive damages, it is not sustained by the evidence or by this court's view of the applicable law as stated in the foregoing memorandum.

The master's finding that plaintiffs are entitled to an injunction is of course sustained, and defendants' objections thereto are overruled.

Defendants' objection 38 is sustained as to special master's finding of fact XIX insofar as upon line 22 of page 102 of special master's report said finding purports to find willful infringement as a predicate for the assessment of aggravated, punitive or extraordinary damages; otherwise defendants' objection 38 to said special master's finding of fact XIX is overruled.

Defendants' objection 39 to special master's conclusion of law II is sustained as to the use of the word "flagrant" by the special master in such conclusion on line 20 of page 103 of special master's report, and said word "flagrant" is stricken and deleted from said special master's conclusion of law II. Otherwise, defendants' objection to said special master's conclusion of law II is overruled.

Defendants' objection 39 to special master's conclusion of law III is sustained as to the use of the word "willfully" on line 28, page 103 of said special master's report, as any predicate or basis for the allowance of aggravated, punitive or extraordinary damages by reason of defendants' infringements of the patent in suit, and said word "willfully" in said special master's conclusion of law III is hereby deleted and stricken from said conclusion of law.

Defendants' objection 39 to special master's conclusion of law V is sustained to the extent that said conclusion of law herein does not in any manner justify or warrant any assessment of damages, gains or profits over and above such as are properly classifiable as ordinary; that is to say, there is no basis in law or under the facts found by the court herein for the assessment of any aggravated, punitive or extraordinary damages, gains or profits herein.

Defendants' objection 40 to the recommended judgment of the special master is overruled as to subdivisions (a), (b), (c), (d) and (g), and is sustained as to subdivisions (e) and (f) respectively.

Exceptions allowed respective parties on adverse rulings herein.

The attorneys for plaintiffs will, pursuant to the foregoing memorandum, prepare

and submit findings of fact, conclusions of law and judgment herein within ten days from notice hereof in accordance with the report of the special master as modified herein by the court, and pursuant to the rules.