**HOOKER ELECTROCHEMICAL CO.,** Plaintiff,

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

**Civ. A. No. 2342–52.**

United States District Court District of Columbia.

Feb. 25, 1954.

Dean Laurence, Jackson, Miss., John S. Roberts, Jr., Percy H. Moore, James B. VanderKelen, Washington, D. C., for plaintiff.

E. L. Reynolds, Washington, D. C., for defendant.

LETTS, District Judge.

Essentially the sole reason assigned by defendant for refusing the patent is that, as he sees it, the claims sought define subject matter that is not inventively different from that disclosed in the British patent to Burrage et al., 573,693, dated December 3, 1945, for the reason that the distinction relates to the amount of solvent employed in dissolving the crude hexachlorocyclohexane mixture, and that the selection of the amount to

use is a matter wholly within the skill of the art and is not invention.

The court is of contrary mind and finds that plaintiff's process is a significant and valuable improvement over the process of the British reference and concludes that such improvement involves more than would be obvious to persons skilled in the art after reading and understanding the teaching of the British patent. The court thinks that the teaching of the British patent would not make obvious the new disclosure shown in plaintiff's application. The differences between the reading of the English patent and plaintiff's disclosure are not differences in degree only but in the opinion of the court are expressive of something new in the art which amounts to invention.

Counsel for plaintiff will present for settlement findings of fact, conclusions of law and a judgment form authorizing the Commissioner of Patents to issue a patent to plaintiff, having in mind that Claim 6 was withdrawn at the time of trial.

### Findings of Fact

1. This suit was brought under the provisions of revised statutes, Section 4915, U.S.C. Title 35, § 63, which was codified by Act July 19, 1952 and is now U.S.C. Title 35, § 145, by Hooker Electrochemical Company, plaintiff, as assignee of the patent application of Keith J. Smith and James S. Sconce, Serial 12,-466, filed in the United States Patent Office on March 1, 1948, entitled "Isolation of Gamma-Hexachlorocyclohexane", to have the Commissioner of Patents authorized to issue to plaintiff the claims set out in paragraph 5 of the complaint.

2. In his answer to the complaint in the present suit, defendant urged three references as anticipating plaintiff's invention. At the trial a stipulation between the parties was introduced whereby defendant withdrew as references U. S. Patent 2,553,956, issued May 22, 1951 to Burrage et al., and a Belgian Patent 471,941 dated April, 1947, and thus the sole reference remaining before the Court was the Burrage et al. British Patent 573,693.

3. The aforesaid stipulation withdrew claim 6 of the claims in issue, it being recognized therein that claims of broader scope remained in the application. The remaining claims, i. e. claims 5, 7–12 inclusive, and 15, are then before the Court.

4. Claim 5 is representative of the process set forth in the issue claims and is as follows: The process which includes: mixing one part of crude hexachlorocyclohexane containing at least 10 per cent by weight of the gamma-hexachlorocyclohexane isomer with more than about 1.1 parts of substantially anhydrous methanol until saturation of the methanol occurs with respect to at least the alpha and gamma hexachlorocyclohexane isomers; evaporating said saturated solution until at least about 20 per cent of the volume of the solution has been evaporated and the remaining solution is supersaturated with respect to at least the alpha isomer; and, separating the gamma-hexachlorocyclohexane isomer which crystallizes from solution before any substantial amount of alpha or other hexachlorocyclohexane isomer crystallizes from solution.

5. The Burrage British Patent, 573,-693, teaches the solvent-extraction of gamma isomer from crude benzene hexachloride (synonymous with hexachlorocyclohexane) but expressly limits the amount of solvent used to a ratio of 1 part of solvent or less per part of crude. The teaching is that gamma isomer can be solvent-extracted from the crude benzene hexachloride in a manner such that substantially none of the alpha isomer is concurrently extracted and that, if some alpha isomer is extracted from crude benzene hexachloride, such alpha isomer will form the first crop of crystals from the evaporated extract.

6. The Burrage British Patent, 573,-693, does not teach the crystallization of gamma isomer from a supersaturated solution of alpha or any other isomer of hexachlorocyclohexane.

7. Plaintiff's process is a significant and valuable improvement over the

process of the Burrage British Patent, 573,693.

8. Plaintiff's improvement involves more than would be obvious to persons skilled in the art after reading and understanding the teaching of Burrage British Patent, 573,693.

9. The teaching of the Burrage British Patent, 573,693, would not make obvious the new disclosure shown in plaintiff's application.

10. The differences between the reading of the Burrage British Patent, 573,693, and plaintiff's disclosure are not differences in degree only, but are expressive of something new in the art which amounts to invention.

11. Claims 5, 7–12 inclusive, and 15, are patentable over the Burrage British Patent, 573,693.

### Conclusions of Law

1. An action against the Commissioner of Patents under 35 U.S.C. § 145 to authorize the issuance of a patent is a suit de novo. Lucke v. Coe, 63 App.D.C. 61, 69 F.2d 379, 381–382; and Gandy v. Marble, 122 U.S. 432, 439, 7 S.Ct. 1290, 30 L.Ed. 1223. Substantial new evidence was presented during the trial of the present action; hence the present action does not fall within the class of actions under 35 U.S.C. § 145 where the trial before the District Court "is a mere repetition of the record of the Patent Office". See Wilcox v. Coe, D.C., 33 F.Supp. 714, 716; Minnesota Mining & Mfg. Co. v. Coe, D.C., 49 F.Supp. 706.

2. The plaintiff is entitled, according to law, to receive Letters Patent for the invention specified in Claims 5, 7–12 inclusive, and 15, of Smith and Sconce application, Serial 12,466, filed March 1, 1948.

### Judgment

The above cause came on to be heard at this term and upon consideration of the briefs and evidence adduced, it is this *17th* day of *March* 1954.

Adjudged, ordered, and decreed as follows:

(1) That the plaintiff is entitled according to law to receive a patent for the invention specified in claims 5, 7–12 inclusive, and 15, contained in the application of Keith J. Smith and James S. Sconce, Serial No. 12,466, filed in the United States Patent Office March 1, 1948, entitled "Isolation of Gamma-Hexachlorocyclohexane", and the defendant, Robert C. Watson, Commissioner of Patents, is authorized to issue such patent upon the plaintiff's complying with the requirements of law.

(2) That the complaint be and hereby is dismissed as to claim 6.

(3) That expenses be against the plaintiff.