## BLAINE v. WHITE.

(Court of Appeals of District of Columbia. Submitted May 12, 1920. Decided June 2, 1920.)

No. 1312.

1. **Patents** ⊙=113 (7)—**Decision of three tribunals of Patent Office not disturbed, unless clearly erroneous.**

Where the three tribunals of the Patent Office concur in the disposition of a case, the decision of the Commissioner will not be disturbed on appeal, except where error very clearly appears.

2. **Patents** ⊙=101—**Necessity for construction of claims does not arise until uncertainty is encountered.**

The necessity for judicial construction of claims never arises until uncertainty is encountered.

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Patents ☞91 (1)—Junior party in interference proceeding has burden of proof.**

Burden of proof as to priority is on the junior party in an interference proceeding in the Patent Office.

Appeal from Commissioner of Patents.

Interference proceeding between Joseph R. Blaine and Joseph White. From an award of priority against him, the former appeals. Affirmed.

L. T. Greist and W. N. Cromwell, both of Chicago, Ill., for appellant.

J. Edgar Bull and Geo. F. Scull, both of New York City, for appellee.

SMYTH, Chief Justice. Blaine appeals from an award of priority against him in an interference proceeding. The invention involved relates to a sheet-guide adjustment on a printing press. We do not think it necessary to set out any of the counts of the issue, in view of the manner in which we think the matter should be disposed of. Blaine moved to dissolve the interference on the ground that count 1 was unpatentable, in view of the prior art, and that the party, White, had no right to make count 2 of the issue. This motion was overruled by the law examiner. White's motion to amend by adding seven counts was sustained. Blaine failed to file a preliminary statement as to these counts. He took no testimony touching the original counts, but stood on the record as to them. He was the junior party. Judgment of priority went against him as to all the counts. Afterward he filed several motions in the Office, all of which were denied. On appeal from the decision of the Examiner of Interferences, he was defeated before the Board of Examiners, and their action was affirmed by the First Assistant Commissioner.

[1] The subject involved is intricate, and its just consideration calls for expert knowledge. The line which separates the respective contentions of the parties is quite attenuated and not easily perceived. It is the settled rule of this court that, where the three tribunals of the Patent Office concur in the disposition of such a case, the decision of the Commissioner will not be disturbed by this court, except where error very clearly appears. Creveling v. Jepson, 47 App. D. C. 597; Lindmark v. Hodgkinson, 31 App. D. C. 612; Murphy v. Meissner, 24 App. D. C. 260; Stone v. Pupin, 19 App. D. C. 396; Podlesak v. McInnerney, 26 App. D. C. 399.

[2, 3] Blaine admits the rule, but denies its applicability. He says that the three tribunals, while reaching the same conclusion, did so by different routes, some of which are inconsistent, or at least are not identical with the others. We think not. The Law Examiner held that the counts were patentable and readable upon the disclosures of both parties. In this he was affirmed by the Examiner of Interferences. On appeal the Board of Examiners rejected Blaine's contention that the counts were inconsistent, and refused to consider the prior art, because the meaning of the counts was not obscure, and

therefore needed no construction. "The necessity for judicial construction never arises until uncertainty is encountered." Mayo v. Whedon, 47 App. D. C. 138, 140. The board sustained the lower tribunals in their holding that the counts were patentable, and readable on the claims of both parties. In this they were affirmed by the Assistant Commissioner, who held that Blaine had in no way established that the claims were not readable on the application of White. Having failed to do this, White was necessarily entitled to priority, being the senior party, and Blaine taking no testimony to overcome his date. We think the rule pertinent, and that there is a total absence of such error as would warrant us in overruling the commissioner.

There is nothing in Podlesak v. McInnerney, 26 App. D. C. 399, requiring a different conclusion. It was there ruled that, if a certain course was followed in construing the claims, it might be found that there was no interference in fact, and the court sent the matter back to the Patent Office "for further consideration as to the identity of invention." Between this and what was held in the instant case we perceive no conflict.

For the reasons stated, the decision of the Patent Office is affirmed, and priority is awarded to Joseph White, the senior party.

Affirmed.