### In re COFFIELD.

(Court of Appeals of the District of Columbia. Submitted January 17, 1921. Decided February 7, 1921.)

#### No. 1392.

1. **Patents ⊙=26(2)—Claims for rigid drain board and clothes guide on wringer held to disclose invention.**

    Claims in an application for a patent on improvement in clothes wringers. the only novel element of which was a rigidly attached drain board and clothes guide, *held* to disclose invention by producing a new and useful result.

2. **Patents ⊙=32—Doubts as to invention will be resolved in favor of inventor.**

    A doubt as to whether the improvement is invention or mere mechanical improvement will, as a general rule, be resolved in favor of the inventor.

3. **Patents ⊙=18—Production of new and useful result is invention, though apparently simple.**

    An improvement which produces a new and useful result, and efficiency where before there had been inefficiency, is the result of invention, though after it was made it would appear that any one could have made it.

Appeal from the Commissioner of Patents.

Application by James L. Coffield for a patent for improvement on clothes wringers. From a decision of the Commissioner of Patents, rejecting two claims, the applicant appeals. Reversed.

R. J. McCarty and Edward L. Reed, both of Dayton, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. [1] Applicant, Coffield, appeals from the decision of the Commissioner of Patents, rejecting the following claims for improvements in clothes wringers:

"1. In the clothes wringer, the combination with the wringer rolls, of a drain board and clothes guide rigidly mounted in the wringer frame below said rolls and extended a substantial distance on each side of the wringer frame to form a clothes guide, and a reversible water shutter pivotally mounted between said drainboard and clothes guide and said rolls to direct the water to one side of the said drain board and clothes guide while the clothes are guided from the wringer on the other side to a receiving receptacle.

"2. In a clothes wringer, the combination with the wringer rolls, of a double inclined shed rigidly mounted in the wringer frame and extended a substantial distance on each side thereof to form a combined drain board and clothes guide upon one part of which the clothes passing through the wringer rolls are delivered to a receptacle and upon the other part of which the water wrung from the clothes is directed elsewhere."

The device is described by the Commissioner as follows:

"The device shown is a clothes wringer having a combined drain board and clothes guide rigidly connected to the frame of the wringer and extending therefrom at a considerable distance on each side, and a pivoted water shutter; the latter being so arranged with reference to the drain board and the wringer rolls that the water wrung from the clothes by the latter can be drained in either direction."

The rigidly mounted drain board and clothes guide *9* is the only improvement over the prior art. The reversible water shutter *11*, mentioned in the claims, is old. A number of references to patents are cited by the Patent Office, but all relate to means for draining the water from the rolls into the receptacle from which the clothes are being placed in the wringer. These are so arranged that they may be adjusted to either side of the wringer as desired. But in none of them is the idea of a rigidly mounted drainboard and clothes guide disclosed. The function of the clothes guide to direct the clothes without manual assistance into the receiving receptacle is as important as the draining feature.

[2] While the idea here developed is in the twilight zone between invention and mere mechanical improvement, we will apply the rule of the courts generally and resolve the doubt in favor of the inventor. We are dealing with an old and well-developed art, and it is significant that no one has before conceived the means for automatically delivering the wrung clothes into the receiving receptacle.

"Now that it has succeeded, it may seem very plain to any one that he could have done it as well. This is often the case with inventions of the greatest merit." Loom Co. v. Higgins, 105 U. S. 580, 26 L. Ed. 1177.

[3] The improvement here produces a new and useful result, and efficiency where before there had been inefficiency. Where this is accomplished there is invention. As was said in Re Harbeck, 39 App. D. C. 555, 563:

"While the use of new materials to produce a known result, or of known materials to produce a new, but obvious, result, may not always constitute invention, if the new idea, when applied, brings success out of failure, produces a new and useful result and saving in operation or production, or efficiency instead of inefficiency, gives to the device new functions and useful properties, it is invention, and may be patented."

The decision of the Commissioner of Patents is reversed.
Reversed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice ROBB.