## In re PRESCOTT et al.

(Court of Appeals of District of Columbia. Submitted January 9, 1922. Decided February 6, 1922.)

No. 1460.

1. **Patents ☞26(2)—Combination of three types of tire changing devices in one wheel held invention.**

The combination in one wheel of the three existing systems of tire changing device, demountable wheels, demountable rims, and quick detachable rims, produced a new result and disclosed invention entitling the inventor to a patent.

2. **Patents ☞36—Doubt as to invention is resolved in favor of applicant.**

Where the question as to invention or mere mechanical skill is close, the doubt is resolved in favor of the applicant.

3. **Patents ☞113(8)—Applicant limited to 1 claim out of 16.**

Where 1 claim out of the 16 erroneously rejected by the Patent Office completely covered applicant's contribution to the art, the rejection of the other claims will be affirmed to avoid inviting controversy and litigation.

Appeal from the Commissioner of Patents.

Application by Sydney I. Prescott and another for a patent for an automobile wheel equipment. From a decision of the Commissioner of Patents rejecting 16 claims, the applicants appeal. Affirmed as to 15 of the 16 claims, and reversed as to the other claim.

Robert F. Rogers, of New York City, for appellants.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

ROBB, Associate Justice. Appeal from a decision of the Patent Office rejecting claims 1 to 6, inclusive, 13, 18, 22, 23, 24, and 26 to 31 inclusive in an application. Claim 28, in our view, fairly covers what applicant has done, and therefore is here reproduced:

"28. In a wheel equipment standardizing device, the combination with a hub, of a disc body removably mounted on said hub and having an integral seat for fully supporting a tire rim. and a quick-detachable tire rim removably mounted on said seat, whereby a tire may be removed either alone, or with the rim as a unit, or with the rim and body as a unit."

In their specification applicants say:

"Heretofore passenger motor cars have been equipped with one of three distinct types of wheels, one type having nondemountable bodies and nondemountable rims, another having nondemountable bodies and demountable rims, and the other having demountable bodies and nondemountable rims. Some car users prefer one type, some another. To meet the demands of the trade it has heretofore been necessary to manufacture several sizes of each type, and this necessitated the manufacture of as many sizes of tires, with numerous oversizes. The cars of each maker are supplied with wheels of one of the above mentioned types as standard equipment. In so far as the wheels are concerned, each car satisfies only one of the three classes of users. To satisfy the other classes the wheels must be changed. To change the type of wheels on a built car involves not only the cost of the new wheels but the cost of refitting their hubs. This is an expensive proceeding which takes time and is usually a source of considerable annoyance. but it has been unavoidable. * * * The present

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

wheel obviates all of these difficulties by including in a practical single wheel organization the heretofore distinguishing features of all three types, the wheel being capable of use in either of the three ways without change, loss of time, or additional cost. * * * The present wheel is in a broad sense a practical wheel of a new type, which, since it is capable of use without change on all passenger cars and in either of the three ways desired, may be termed a universal type."

The question at issue was thus tersely stated by the Commissioner:

"The gist of this case appears to be whether or not it is invention to provide a wheel with three 'tire changing systems' and thus so fit out a car that the buyer may obtain as standard equipment his preference of tire changing device. The three 'systems' are: Demountable wheels, demountable rims and Q. D. or quick detachable rims. each of which is in common use and is preferred by some operators."

[1-3] In applicants' combination certain material capabilities of three wheels of the prior art are combined. While it is true that each element of the new combination is old, we do not think it may be said that each of these elements functions independently of and without reference to the others, for in combination they form a unitary structure wherein each element necessarily supports and supplements the others. Through the combination a new result is effected, namely, a wheel possessing certain essential characteristics of three wheels of the prior art. In this respect the case differs from Grinnell Washing Mach. Co. v. Johnson Co., 247 U. S. 426, 38 Sup. Ct. 547, 62 L. Ed. 1196. Although the question is close, we incline to the view that the idea involved something more than mechanical ability. In such a case we resolve the doubt in favor of the applicant. In re Huff, 48 App. D. C. 258. Inasmuch, however, as claim 28 completely covers applicants' contribution to the art, there is no reason for allowing a large number of claims and thus inviting controversy and litigation.

The decision therefore will be affirmed as to claims 1 to 6, inclusive, 13, 18, 22, 23, 24, 26, 27, 29, 30 and 31, and reversed as to claim 28.

Affirmed in part and reversed in part.