## OLDROYD v. MORGAN (two cases).

Court of Appeals of District of Columbia.

Submitted January 13, 1928. Decided March 5, 1928.

Nos. 2018, 2019.

1. **Patents ⬡112(3)—Determination by three concurring decisions of Patent Office that senior party could make claim in interference proceeding will be affirmed, in absence of palpable error.**

In interference proceeding, involving complicated mining machinery, in which junior party filed motion to dissolve, determination that senior party had right to make claim, affirmed by three concurring decisions of Patent Office, *held*, affirmed, under rule that such decisions will not be reversed, except in extreme cases, where palpable error has been committed.

2. **Patents ⬡112(3)—Ordinarily three concurring decisions of Patent Office as to right to make claim are conclusive.**

Ordinarily three concurring decisions of Patent Office relative to senior party's right to make claim in issue will be accepted by reviewing court as conclusive, and will not be reversed, except in extreme cases, where palpable error has been committed.

Appeal from the Commissioner of Patents.

Interference proceedings between Cyrus S. Oldroyd and Edmund C. Morgan. From decisions awarding priority of invention to Morgan, Oldroyd brings separate appeals. Decision affirmed on each appeal.

Cyrus Kehr, of Washington, D. C., for appellant.

C. M. Nissen and A. J. Crane, both of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH,

Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. These are interference proceedings. The appeals have been submitted together, but appeal No. 2018 will be taken up first.

The invention relates to coal-mining machinery, and the issue is defined by a single count, which reads as follows:

"Count. In a machine of the nature described, the combination of a body turnable horizontally, means for turning said body, a tool rotatable on a horizontal axis, mechanism for effecting rotation of said support, a cutting tool, members supporting said tool on said support for movement toward and from the axial line of said support, means on said rotatable support for actuating said supporting members, for moving said tool toward and from the axial line of the rotary support, and means extending along the axis of said support for actuating said cutting tool, substantially as described."

Morgan is the senior party, his application having been filed on June 23, 1913. Oldroyd's application was filed on January 8, 1921, on which a patent was granted on June 26, 1923. No testimony was taken by either party.

Oldroyd, the junior party, filed a motion to dissolve the interference on the grounds that Morgan was not entitled to make the claim, because it is not supported by his disclosure, and also that Morgan is estopped from making the claim because of his delay in prosecuting his application. The law examiner denied the motion as to the first ground, and the Examiners in Chief dismissed Oldroyd's appeal as to both grounds. The Examiner of Interferences accordingly awarded priority to Morgan. This decision was affirmed by the Examiners in Chief, and their decision in turn was affirmed by the Commissioner of Patents, and priority of invention was awarded by the Commissioner to Morgan. This appeal was then taken.

[1, 2] It thus appears that Morgan's right to make the claim in issue has been affirmed by three concurring decisions of the Patent Office, and it is the established rule that ordinarily such decisions will be accepted by this court as conclusive, and will not be reversed, except in extreme cases, where palpable error has been committed. In Bechman v. Southgate, 28 App. D. C. 405, this court said:

"Ordinarily, where the point has been raised whether the application of one of the parties was broad enough in the terms of its specification and claims to embrace the invention of the other, and especially where the invention is one of elaborate and complicated mechanism, the decisions of the expert tribunals of the Patent Office in respect of identity have, for obvious reasons, been accepted as conclusive."

In Leonard v. Everett, 52 App. D. C. 90, 281 F. 594, this court said:

"Where the tribunals of the Patent Office unite in a conclusion as to" the right to make the counts of an interference relating to a technical matter, "the Court of Appeals will not disturb their action, unless manifestly wrong."

This rule acquires emphasis by reason of its repeated affirmance. See Stone v. Pupin, 19 App. D. C. 396; Flora v. Powrie, 23 App. D. C. 195; Seeberger v. Dodge, 24 App. D. C. 476; Podlesak v. McInnerney, 26 App. D. C. 399; Kilbourn v. Hirner, 29 App. D. C. 54; MacMulkin v. Bollee, 30 App. D. C. 112; Lindmark v. Hodgkinson, 31 App. D. C. 612; Healey v. Inwood, 38 App. D. C. 78; Thomas v. Weintraub, 38 App. D. C. 281; Grabowsky v. Gallaher, 39 App. D. C. 548; Hathaway v. Colman, 46 App. D. C. 40; Lautenschlager v. Class, 47 App. D. C. 444; Blaine v. White, 50 App. D. C. 38, 267 F. 340; Ruth v. Groch, 51 App. D. C. 226, 277 F. 861.

The invention involved in this appeal consists of complicated mining machinery, and the case justifies a careful observance of the foregoing rule. We have carefully examined the record, and do not find in it any manifest ground for a reversal of the decisions appealed from. We have reached the same conclusion as to appeal No. 2019. We may add that we find no ground for an estoppel against Morgan because of delay in prosecuting his application.

The decision of the Commissioner of Patents, awarding priority to Morgan in each appeal, is affirmed.