## In re EINSTEIN.
### Patent Appeal No. 2573.

Court of Customs and Patent Appeals.
Feb. 3, 1931.

Elmer R. Helferich, of New York City (Nathan & Bowman, Albert F. Nathan, and Border Bowman, all of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant made application to the Patent Office in serial No. 673,547, on November 8, 1923, for what he claimed was a new and improved grinder wheel oscillator. As finally amended, fourteen claims were attached to his application, claims 3, 6, 10, 11, and 12 being allowed, and claims 1, 2, 4, 5, 7, 8, 9, 13, and 14 being rejected by both tribunals in the Patent Office. The appellant has assigned error on the refusal of the rejected claims.

Claims 1, 7, and 9 were rejected on the ground that it did not involve invention to substitute gear wheels and a gear unit, such as is shown by the reference Linton, 840,072, January 1, 1907, for the pulleys and belts shown by the reference Gordon, 1,103,957, July 21, 1914. Claims 2, 4, 13, and 14 were rejected on the said patent to Gordon on the ground that there is no patentable novelty in broadly interchanging the two sleeves of Gordon, as to which one may drive the spindle and which carries the roller and the cam groove. Claims 5 and 8 were rejected as defining nothing patentably different from what is covered by allowed claim No. 3.

Appellant's device is for use in connection with grinding machines for imparting a slight to and fro shifting of the grinding wheel in an axial direction, while the wheel is continuously rotating, and is of particular advantage in truing grinding wheels or in grinding surfaces where it is necessary, or advisable, to shift the grinding wheel forward and backward in doing the work desired. The appellant accomplishes the purposes he has in mind by using a conventional grinding wheel spindle appropriately housed in bushings; the attachment for oscillating or shifting the shaft forward and backward being located at the end of the spindle opposite to the grinding wheel. Appellant's spindle is operated by a pulley attached thereto, and in an intermediate position thereof, upon which pulley a belt of the ordinary type operates. The spindle is caused to move forward and backward through its bushings by two elements connected with the rear portion of the spindle, which portion has been turned down for the purpose of fitting said elements thereto. One of these elements is a sleeve connected with the spindle and rotating at the same rate as the spindle. The other element is in the form of a ring which surrounds one end of the sleeve element, and which contains a cam follower which fits into a cam groove which surrounds the sleeve element in such a way as to cause, when the ring element is firmly held in one position, the sleeve element and the spindle to move forward and backward as the cam follower passes through the cam groove. The sleeve element and the ring element are caused to move in the same direction but at different rates of speed by a cogwheel having two sets of teeth, the two parts of said cogwheels being of different diameters; thus the spindle and sleeve element will rotate more rapidly than the ring element with its cam follower, and, by this means, the spindle will be slowly moved backward and forward as the cam follower goes through the groove. This entire device is mounted in the ordinary housings and with the necessary mountings.

374

In our opinion, the Linton and Gordon references fully anticipate rejected claims 1, 2, 4, 7, 9, 13, and 14. Linton shows a spindle and grinding wheel which is caused to move forward and backward axially by cogwheels, and which is automatically reciprocating. It is true Linton shows a different device for accomplishing the reciprocating movement; his means being a screw shaft which is caused to function by means of gears which operate, in effect, the same as those of the appellant here. Gordon shows a spindle operated by pulleys and belts, and has a cam follower and a cam groove which operate in a like manner to those of the appellant; namely, to move the spindle backward and forward. The elements, however, are arranged opposite to those of the appellant; that is, the outer element bearing the cam follower is attached to the spindle and moves with it, while the inner sleeve bearing the cam groove is stationary. The Patent Office holds that the transposition of these elements is obvious, and does not constitute invention. In this we agree. In re McNeil, 28 App. D. C. 461, is a case in point. There it was held by the Court of Appeals that a mere reversal of the essential working parts of a previously patented device did not constitute invention.

Appellant contends his device is compact and occupies much less space than either the Linton or Gordon devices; that it does away with the cumbersome pulleys of Gordon and the equally cumbersome cogs of Linton. This may be true, but we do not think this element of compactness or size alone constitutes invention. Wappler Electric Co. v. Bronx Hospital, etc., (D. C.) 28 F.(2d) 419; Grinnell Washing Machine Co. v. Johnson Co., 247 U. S. 426, 38 S. Ct. 547, 62 L. Ed. 1196. There must be some new device or some new and useful purpose accomplished. There is nothing here, in our judgment, which is not anticipated by Linton and Gordon.

Claims 5 and 8 were rejected, as showing nothing patentable over allowed claim 3. These claims follow:

"3. A grinding-machine comprising an axially shiftable spindle; a first member having a circumferential cam-groove mounted on said spindle; means for prohibiting shifting of said member relative to said spindle; a second member loosely journaled co-axial with said spindle and indirectly deriving rotation therefrom, said second member having a part engaging said cam-groove; a removable stop adapted to prevent reciprocation of said second member; and means to adjust said stop from its effective position to permit said second member to shift idly under the action of said cam and thereby to discontinue reciprocation of said spindle."

"5. In a grinding machine, a support; a spindle rotatably and translatably journaled therein; a grinding wheel carried by said spindle; means to rotate said spindle; means to translate said spindle in its bearings, said translating means comprising a first member fixed to said spindle; a second member rotatably journaled with its axis coincident with the axis of said first member; means connecting said members to rotate the second member from the first member at an unequal rate; means to cause the relative rotation of said members to translate one of said members and said spindle, said means comprising a cam on one of said members, a follower carried by the other member and cooperating with said cam; abutments engaging one of said members to restrain it against the translatory action of said cam; and means permitting the removal of one of said abutments to permit said restrained member to be translated by the action of said cam."

"8. A grinding-machine comprising an axially shiftable spindle; a member keyed on said spindle and having a circumferential cam-groove; a normally shiftable means deriving rotation from said spindle and having a part engaging said cam-groove; means including a stationary abutment and a movable abutment engaging opposite sides of said shiftable means for prohibiting shifting of said shiftable means relative to said spindle to accomplish a reciprocation of said member and spindle, and means to withdraw said movable abutment away from said shiftable means to permit said means to shift idly and not effect a reciprocation of said spindle."

We are not advised from the record why claim 3 was allowed, nor is it particularly material. Two distinct claims for the same substantial matter, differing only in nonessentials, cannot both be sustained. Dececo Co. v. Gilchrist Co. (C. C. A.) 125 F. 293. In re Prescott, 51 App. D. C. 281, 278 F. 590; In re McConnell, 40 F.(2d) 567, 17 C. C. P. A. 1139. While counsel for appellant contend in their argument that the above-quoted claims do differ in essential elements, they do not point out to us what such essential elements are. The only difference apparent, on careful reading, between claims 5 and 3, is that claim 5 refers to "abutments" and claim 3 to a "stop." Certainly, in this device, this would not be a patentable distinction. The same comment may be made on claim 8. The other features of the refused claims, such as

"a member keyed on said spindle," as found in claim 8, and members rotating "at an unequal rate," constitute nothing patentable over the prior art, and hence constitute no patentable distinction between these claims and claim 3.

The decision of the Board of Appeals is affirmed.

Affirmed.