## CANADIAN–AMERICAN PHARMACEUTICAL CO. v. COE, Com'r of Patents.

### No. 7893.

United States Court of Appeals for the District of Columbia.

Argued Feb. 17, 1942.

Decided March 30, 1942.

Messrs. Arthur G. Connolly, of Wilmington, Del., and James P. Burns, of Washington, D. C., for appellant.

Mr. H. S. Mackey, of Washington, D. C., with whom Mr. W. W. Cochran, of Washington, D. C., Solicitor, United States Patent Office, was on the brief, for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This is a suit [1] to obtain a patent on Ensol, a medicine for reducing the pain of cancer, and on processes for its manufacture. The District Court dismissed the complaint on the ground that the disclosures lacked utility.[2]

There was testimony to the following effect. Dr. Hendry C. Connell, the physician who originated Ensol, has supervised its use in 800 to 1000 painful cancer cases. In over 90 per cent of these cases, pain was reduced; less sedative was required. Pain was reduced in 279 of 289 painful cancer cases which were studied by his father, Dr. James C. Connell, a former dean of the Medical Faculty of Queen's University. In many of these cases relief was immediate and complete. Another physician testified that he had treated eighteen cancer patients with Ensol; pain was "definitely a symptom" in fourteen, and was definitely reduced by Ensol in twelve. Over one thousand physicians have administered Ensol in cancer cases. Their "almost unanimous opinion" is said

---

[1] Under R.S. § 4915, 35 U.S.C.A. § 63.  [2] R.S. § 4893, 35 U.S.C.A. § 36.

to be that it alleviated pain. Two independent physicians investigated Ensol for the Ontario government. They testified that it reduces the pain of cancer in the very great majority of cases. The Ontario government's Commission for the Investigation of Cancer Remedies reported that "In the great majority of cases treated there appears to be relief of pain. * * * It seems clear from the evidence of case histories, physicians' reports and the examination of patients that Ensol * * * used according to directions, is harmless and that it produces no undesirable immediate or remote effects. Improvement is manifested by lessening of pain and tension." Since January, 1940, the expenses of Ensol research, manufacture and distribution have been borne by the Ontario Government.

Dr. James C. Connell conceded that Ensol often caused "transient pain." Otherwise, testimony to an absence of bad results was unanimous. The Commissioner relies on a series of experiments which indicate that Ensol does not check the growth of cancer tumors in mice and rabbits. We think this throws no substantial doubt on the proposition that it usually reduces the pain of cancer in man.

It may be that some medical scientists would discourage the use of Ensol pending further tests. It is not within our function to decide, and we do not assume to decide, whether its use should be encouraged or discouraged. But we do have to decide whether under the evidence in the record in this case it has been clearly shown to have utility within the meaning of the patent law. And the evidence seems to us to make it clear that Ensol does, in many cases, reduce the pain of cancer, and that it causes no serious harm. There is no finding, and no evidence, to the contrary. It follows that Ensol has an "important function" and "works."[3] In our opinion, the District Court's finding that the invention is not sufficiently reliable, useful and important to warrant the grant of a patent is incorrect.

Reversed.

---

[3] Cf. Hildreth v. Mastoras, 257 U.S. 27, 34, 42 S.Ct. 20, 66 L.Ed. 112.