**MINNESOTA MIN. & MFG. CO. v. COE,**
**Commissioner of Patents.**

**Nos. 6339, 13055.**

District Court of the United States for the
District of Columbia.

May 7, 1942.

Harold J. Kinney, of St. Paul, Minn. (Paul Carpenter, of Chicago, Ill., and Charles S. Grindle, of Washington, D. C., of counsel), for plaintiff.

W. W. Cochran, of Washington, D. C., for defendant.

LETTS, Justice.

### Findings of Fact.

1. These suits were each brought under the provisions of Section 4915, R.S., 35 U.S.C.A. § 63, by Minnesota Mining & Manufacturing Company, plaintiff, as assignee of the patent application of John A. Brown and John Edmund Clarke, Ser. No. 171,990, filed in the United States Patent Office on October 30, 1937, and also as assignee of the patent application of the same John A. Brown and John Edmund Clarke, Ser. No. 345,538, filed July 13, 1940 (the latter application being based upon the disclosure of the earlier filed application of said John A. Brown and John Edmund Clarke), both applications being entitled Coated Granular Materials and Product Thereof, to have the Commissioner of Patents authorized to issue to plaintiff the claims set out in Paragraph 6 of the Complaint in Civil Action No. 6339 and the claims set out in Paragraph 7 of the Complaint in Civil Action No. 13,055.

2. At the trial, on motion of the plaintiff, all of the claims set out in Paragraph 6 of the Complaint in Civil Action No. 6339 were withdrawn except claim 31, which was retained; and all of the claims set out in Paragraph 7 of the Complaint in Civil Action No. 13,055 were retained, except claim 7, which was dropped. The claims retained are, therefore, claim 31 of the aforesaid Brown and Clarke application Ser. No. 171,990 and claims 1 to 6 inclusive, 8 to 10 inclusive, and 12 to 16 inclusive of the said Brown and Clarke application Ser. No. 345,538. The dropping of those claims which were dropped was to avoid duplication of claims, and this action is without prejudice to the claims retained.

3. The disclosures in the aforesaid two Brown and Clarke applications are, for the most part, substantially the same.

4. The Brown and Clarke applications in suit relate to improvements in abrasive articles, such as abrasive wheels and particularly coated abrasive articles or so-called "sandpaper", and in the improvement of the bonding characteristics of abrasive grains or grits employed in such abrasive articles.

5. The Brown and Clarke applications in suit teach that the bonding characteristics of abrasive grits may be improved

quite substantially by applying to the surfaces of said grits a porous or foraminous coating adapted to foster the wetting of surfaces of abrasive grits and the strong adhesive bonding of a fluid adhesive thereto. The porous or foraminous coating may advantageously be of a crystalline nature and commonly takes the form of an unfused mineral or clay coating.

6. The coating treatment of Brown and Clarke provides substantial improvements in the strength of bond which can be made with various adhesives. The improvements in strength of bond will vary somewhat with different adhesives or binders, and with different abrasive grits or particles, but increases in bonding strength over the teaching of Nicholson patent No. 1,910,444, and over the best prior art commercial practice, of more than 10 percent, and in many cases of the order of 20 percent and higher, are common with the Brown and Clarke invention.

7. The coated grains or grits of Brown and Clarke when used in combination with adhesives or binding agents such as glue in abrasive articles, e. g. in sandpaper, also substantially improves the ageing qualities of such abrasives and inhibits to substantial extent deterioration of the bond or adhesive.

8. Many efforts have been made prior to the Brown and Clarke invention to improve the bonding characteristics of abrasive grits, such efforts extending back for many years and being illustrated by the first four of the following patents:

| | | | |
|---|---|---|---|
| Higgins et al. | Patent No. | 944,436 | 1909 |
| Hartmann | Patent No. | 1,482,792 | 1924 |
| Hartmann | Patent No. | 1,482,793 | 1924 |
| Nicholson | Patent No. | 1,910,444 | 1933 |
| Hutchins | Patent No. | 2,150,166 | 1939 |

However, there is before this Court no art prior to the present Brown and Clarke invention which in any way recognizes the advantages to be gained by using the coatings of Brown and Clarke, as hereinabove described, on abrasive grits, or in making bonded abrasive articles employing such coated abrasive grits or particles.

9. The prior art relied upon by the defendant, the Commissioner of Patents, in the rejection of the claims in suit is: Nicholson patent No. 1,910,444, issued May 23, 1933.

The other patent cited and made of record by the examiner include: Doermann Reissue No. 18,872, June 20, 1933. Martin Reissue No. 19,318, September 18, 1934.

10. The teaching of Nicholson patent No. 1,910,444 is directed to producing fused, i. e. vitrified coatings on abrasive grains. The vitrified coatings of Nicholson may be lusterless in appearance due to the roughness of the vitrified coatings, e. g. due to the presence of fused prominences over the surfaces of Nicholson's coated abrasive grits. A lusterless appearance in vitrified coatings may also be due to the particular composition and nature of the coating. Matte glazes have long been known in the ceramic art.

11. The word "sinter" is used in the said Nicholson patent in a sense synonymous with that of "fuse" or "vitrify". "Sinter" is defined in Webster's New International Dictionary, 1936, as follows: "To become or cause to become a coherent solid mass by heating without thoroughly melting."

12. Nicholson patent No. 1,910,444 does not teach or suggest the use of unfused or porous coatings of any type on the surfaces of abrasive grits; nor does the Nicholson patent teach that unfused or porous coatings will improve the bonding characteristics of abrasive grits, or improve the qualities of abrasive articles made with such coated abrasive grits.

13. The teaching set forth in the Brown and Clarke applications and defined in the claims in issue is novel over all the prior art of record.

14. The subject matter disclosed in the Brown and Clarke applications and defined in the claims in issue is highly useful and has had extensive commercial success. Abrasive articles, especially of the coated abrasive type or sandpaper type, made according to the Brown and Clarke invention, have been in commercial use since the year 1936, and during each of the years 1937, 1938, 1939 and 1940 several hundred thousand dollars' worth of such product was manufactured and sold by Minnesota Mining & Manufacturing Company.

15. The subject matter described in the Brown and Clarke applications and defined in the claims in issue involves an important step forward in the abrasive art and clearly involves invention.

16. The product of Brown and Clarke, as defined in the claims in issue is the result of a display of genius, far beyond that of the routineer skilled in the abrasive art.

708

## Conclusions of Law.

1. An action against the Commissioner of Patents under Section 4915, R.S., 35 U.S.C.A. § 63, to authorize the issuance of a patent is a suit de novo. Lucke et al. v. Coe, 63 App.D.C. 61, 69 F.2d 379, 381, 382 and Gandy v. Marble, 122 U.S. 432, 439, 7 S.Ct. 1290, 30 L.Ed. 1223. Substantial new evidence was presented during the trial of the present actions; hence the present actions do not fall within the class of actions under Section 4915, R.S. where the trial before the District Court "is a mere repetition of the record of the Patent Office". See Wilcox v. Coe, D.C., 33 F. Supp. 714, 716.

2. The commercial success of the Brown and Clarke invention, taken with the proof of novelty, is strong evidence of utility and patentability. Carbide & Carbon Chemicals Corp. v. Coe, 69 App.D.C. 372, 102 F.2d 236, 241. Utility itself is an important ingredient of patentability. Canadian-American Pharmaceutical Co. v. Coe, 75 U.S.App.D.C. 313, 126 F.2d 847, decided March 30, 1942.

3. The degree of improvement in efficiency in the abrasive art provided by the novel teaching of Brown and Clarke is strong evidence of patentability. Webster Loom Co. v. Higgins, 105 U.S. 580, 591, 592, 26 L.Ed. 1177.

4. Claim 31 of Brown and Clarke Serial No. 171,990 (Civil Action No. 6339) and claims 1 to 6 inclusive, 8 to 10 inclusive, and 12 to 16 inclusive of Brown and Clarke Ser. No. 345,538 (Civil Action No. 13,055) are patentable.

5. The plaintiff is entitled according to law to receive Letters Patent for the inventions specified in claim 31 of Brown and Clarke Ser. No. 171,990 and claims 1 to 6 inclusive, 8 to 10 inclusive, and 12 to 16 inclusive of Brown and Clarke Ser. No. 345,538, here in suit.

6. Claim 31 of Brown and Clarke Ser. No. 171,990 and claims 1 to 6 inclusive, 8 to 10 inclusive, and 12 to 16 inclusive of Brown and Clarke Ser. No. 345,538, here in suit, define subject matter which is patentable under the law.

7. The following claims having been withdrawn at the trial, the Complaints should be dismissed with respect thereto, without prejudice to the retained claims: claims 28, 29, 30 and 32 to 40 inclusive of Brown and Clarke Ser. No. 171,990 (Civil Action No. 6339) and claim 7 of Brown and Clarke Ser. No. 345,538 (Civil Action No. 13,055).

## Judgment.

The above cause having come on to be heard and having been tried in open court and argued by counsel for the respective parties upon the pleadings and proofs adduced and submitted to the Court; now, therefore, upon consideration thereof,

It is Adjudged, Ordered and Decreed this 7th day of May, 1942, as follows:

That the plaintiff is entitled according to law to receive a patent for the invention specified in claim 31 contained in the application of John A. Brown and John Edmund Clarke, Ser. No. 171,990, filed in the United States Patent Office on October 30, 1937, and the defendant, Conway P. Coe, Commissioner of Patents, is authorized to issue such patent upon the plaintiff filing a copy of this Judgment in the United States Patent Office and otherwise complying with the requirements of law.

That the Complaint be and hereby is dismissed as to claims 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39 and 40, which were withdrawn at the trial, with costs against the plaintiff.

That the plaintiff is entitled according to law to receive a patent for the invention specified in claims 1 to 6 inclusive, 8 to 10 inclusive and 12 to 16 inclusive, contained in the application of John A. Brown and John Edmund Clarke, Ser. No. 345,538, filed in the United States Patent Office on July 13, 1940, and the defendant, Conway P. Coe, Commissioner of Patents, is authorized to issue such patent upon the plaintiff filing a copy of this decree in the United States Patent Office and otherwise complying with the requirements of law.

That the Complaint be and hereby is dismissed as to claim 7, which was withdrawn at the trial, with costs against the plaintiff.