WOREL et al. v. OOMS, Commissioner of Patents.

Civil Action No. 32544.

District Court of the United States for the District of Columbia.

July 9, 1947.

Williamson & Williamson of Minneapolis, Minn., and Harry F. Riley, of Washington, D. C., for plaintiffs.

W. W. Cochran, Sol., U. S. Patent Office, of Washington, D. C., for defendant.

KEECH, Justice.

I find myself unable to agree with the determination of the examiner and the Board of Appeals of the Patent Office in denying claims 15, 16, and 17 in the application of the plaintiff Glen J. Worel for a patent entitled "Piston Expander for Slotted and Unslotted Piston Skirts" (Serial No. 356,608).

At the outset, I should state that this conclusion is based on additional testimony and exhibits introduced at the hearing before the Court and demonstrations by the plaintiff of the operation of actual or scale models of the Worel, Moore, Heaton, and Johnson expanders, as well as the contradiction of language in the Moore specification with reference to the sliding movement of the latter expander.

This determination is made with a consciousness on the part of the Court that decisions of the Patent Office are to be given great weight and are to be over-

come only by clear proof of mistake (Abbott, et al., v. Coe, 71 App.D.C. 195, 109 F. 2d 449; Robertson v. Cooper, 4 Cir., 46 F.2d 766, 768; Oldroyd v. Morgan, 58 App.D.C. 78, 24 F.2d 1004; Austin v. Coe, 63 App. D.C. 94, 69 F.2d 832), and, further, that an attempt by an applicant for patent to simulate the patent of another for the purpose of effecting a comparison with the subject matter of his application for patent, must be critically received. Here, however, the Court had the unimpeached testimony of the applicant, one peculiarly skilled in his field, that the simulations of the prior patents were made to scale and accurately represented the patents relied upon by the Patent Office as constituting a bar to allowance of his application for patent.

■ As substantial new evidence was presented during the present action, the case does not fall within the class of actions under R.S. § 4915, 35 U.S.C.A. § 63, in which the trial before the District Court "is a mere repetition of the record of the Patent Office." Minnesota Mining & Manufacturing Co. v. Coe, D.C., 49 F.Supp. 706, 708.

Counsel for the Commissioner of Patents reduces this case to two questions: (1) "Does the Worel application show and describe something which is sufficiently different from what is shown in the prior patents, to constitute an invention?" And (2) "If so * * * do the three claims at bar recite it?"

The chief innovation embodied in plaintiff Worel's expander is the sliding action of the feet of the expander on the wrist pin bosses, contrived to maintain a predetermined pressure against the piston skirt during temperature changes. Counsel for the Commissioner contends that the Moore expander will operate in substantially the same way as the Worel expander, supporting his contention with the following sentence from the Moore specifications:

"* * * the curved ends 23 of the expander 21 are allowed to *slide on the seats* 24 on the wrist pin bosses to accommodate this movement of the leaves of the thrust face 18, *or the expander may simply flex sufficiently to accommodate the movement of the ends."* (Emphasis supplied.)

However, the Moore specification further states:

"* * * when the piston expands the bosses 14 are moved apart slightly due to the increase in diameter of the piston in the direction of the wrist pin axis. *This separation of the bosses correspondingly separates the ends 23 of the expander 21 which are seated in the opposite bosses * * *."* (Emphasis supplied.)

Further, the feet of the Moore expander are retained in their position on the wrist pin bosses by specially formed lugs or bosses at the ends of the seats. It is therefore apparent that the feet of the Moore expander do not change their position in relation to the wrist pin bosses, but remain in the seats.

The demonstration as to the Moore patent showed that there was no sliding movement of the feet of the expander, as intimated by the first quotation from the Moore patent specification, but, if any movement, a rocking of the feet in the grooves within which they are seated, the principal result of pressure applied at the apex of the expander being a flexing of the legs.

In contrast, the Worel expander is constructed with relatively inflexible legs, terminating in feet having concave sliding surfaces, so that pressure applied at the apex of the expander results not in flexing of the legs, but in sliding of the feet across the wrist pin bosses, and it is by this sliding action that the necessary accommodation to temperature changes is accomplished, at the same time maintaining substantially constant the outward pressure against the piston skirt.

In the opinion of this Court, the possible movement of the feet of the Moore expander within the seats, in which they are anchored, does not anticipate the free sliding movement across the wrist pin bosses of the feet of the Worel expander, without any flexing of the legs.

■ As stated by the Supreme Court in the case of Topliff v. Topliff, 145, U.S. 156, 161, 12 S.Ct. 825, 828, 36 L.Ed. 658:

"* * * it is not sufficient to constitute an anticipation that the device relied upon might, by modification, be made to accom-

plish the function performed by the patent in question, if it were not designed by its maker, nor adapted, nor actually used, for the performance of such functions."

Further, the Worel invention is directed to a shell-type spring expander adapted to be readily installed in all types of conventional automotive pistons for reconditioning them when the cylinders become worn and the piston skirts fatigued, while the Worel Patent is directed to a special piston construction with an expander cooperatively associated with such special construction.

■ Counsel for the Commissioner points out that various features of the shape of the Worel expander are to be found in the Moore, Heaton, or Johnson expanders. However, where various elements embodied in the prior art are combined to produce a new result and disclose invention, the inventor is entitled to a patent. In re Prescott, et al., 51 App.D.C. 281, 278 F. 590, 591.

While the basic purpose of all of the expanders cited by the Government as prior art is the same as that of the Worel expander, namely, to provide a method of reconditioning and expanding worn automotive pistons to function efficiently under all conditions of operation and temperature, as I view the claims of Worel he has created something new in the art—an invention. The change is not merely a betterment of an existing invention which could have been conceived by one skilled in the art but without inventive genius. It is the opinion of this Court that Worel has introduced a new and inventive principle in the field of expanders for pistons, namely, compensating action of the expander by means of sliding feet and without flexing of the expander legs.

■ Even if there be doubt as to this, I would be constrained to allow the claims of Worel on the principle enunciated by the Court of Appeals of the District of Columbia in the case of In re Coffield, 50 App.D. C. 259, page 261, 270 F. 695, 697, where the Court said:

"While the idea here developed is in the twilight zone between invention and mere mechanical improvement, we will apply the rule of the courts generally and resolve the doubt in favor of the inventor."

■ The utility and commercial success of the Worel expander were well shown by uncontradicted testimony of several witnesses, who testified to the superiority of the Worel design to any other on the market. While these factors are not controlling, as stated by Mr. Justice Letts of this Court in Minnesota Mining & Manufacturing Co. v. Coe, supra:

"The commercial success of the * * * invention, taken with the proof of novelty, is strong evidence of utility and patentability. Carbide & Carbon Chemicals Corp. v. Coe, 69 App.D.C. 372, 102 F.2d 236, 241. Utility itself is an important ingredient of patentability. Canadian–American Pharmaceutical Co. v. Coe, 75 U.S.App.D.C. 313, 126 F.2d 847, decided March 30, 1942."

[8, 9] While this Court is reluctant to disturb the findings of the Patent Office, it is its duty to do so when convinced that error has occurred. Seymour v. Molyneux, 49 App.D.C. 216, 263 F. 468. In the light of the Moore specification as a whole and the demonstration effecting a comparison of the operation of the Moore and Worel expanders, the finding of the Patent Office with reference to the sliding function of the Moore expander is considered error.

In view of the foregoing, question (1) propounded by counsel for the Commissioner of Patents is answered in the affirmative.

Question (2), "Do the three claims at bar recite the invention?" is also answered in the affirmative.

The finding of this Court will be in favor of the plaintiffs, Glen J. Worel and his assignee, Thexton Manufacturing Company, that they are entitled to receive a patent for the invention specified in claims 15, 16, and 17.

Counsel for plaintiffs will prepare and submit appropriate findings of fact and conclusions of law, together with judgment authorizing and directing the defendant to issue patent.