42 C.C.P.A. (Patents)

**Application of Antoine GAZDA.**
**Patent Appeal No. 6083.**

United States Court of Customs
and Patent Appeals.

Feb. 8, 1955.

Wenderoth, Lind & Ponack, Washington, D. C. (John E. Lind, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, and COLE, Judges.

COLE, Judge.

This appeal involves the question of whether patentable subject matter has been defined in claims 9, 10, 11, 13, and 14 of appellant's application for a patent on a clock wound by the steering wheel of a vehicle. The Primary Examiner of the United States Patent Office rejected these claims as lacking in invention over a combination of prior art references and his decision was affirmed by the Board of Appeals.

The appealed claims relate to a clock mounted in the center of the steering wheel of an automobile or similar vehicle wherein the mainspring is wound by the operator when moving the steering wheel during normal driving. The clock casing is fixed to the steering wheel and means are provided which are also fixed relative to the movement of the wheel for winding the mainspring.

Claim 9 is set forth as representative of those on appeal, defining appellant's clock winding mechanism as follows:

"9. A clock having a time mechanism for an automobile or the like having a steering wheel comprising a casing fixed to said steering wheel, a mainspring for said time mechanism, a ratchet wheel, a train of gears between said ratchet wheel and said mainspring, said mainspring, gears and ratchet wheel being movable with said casing and steering wheel and a fixed pawl co-operating with said ratchet wheel for winding said mainspring upon moving said steering wheel."

Claims 10, 11, 13, and 14 do not materially differ from claim 9 except that in these claims provision is made for a fixed plug in the casing wall, the pawl being connected thereto.

In the drawings accompanying appellant's written specification, the specific construction of the clock mechanism for actuating the hands is not shown, except for the mainspring and cooperating gears, as appellant explains that any standard time mechanism may be employed.

The Solicitor for the Patent Office, in describing the general operation of appellant's device, states in his brief that "The clock casing is secured to the steering wheel, and is adapted to rotate relative to a central plug which is held stationary relative to the car body by a spring or [in a modified version] a shaft. Turning of the steering wheel moves [the] ratchet wheel relative to [the] pawl to actuate a train of gears which winds the clock." Overwind of the mainspring is prevented by utilizing means similar to that provided by the inventor Von Loehr in his U. S. Patent 211,280.

In rejecting the claims on appeal, the board relied upon the following prior clock art references: Whitehead et al. 1,946,890, Feb. 13, 1934; Amburgey, 1,935,760, Nov. 21, 1933; Hennessey, 1,536,850, May 5, 1925.

The patent to Whitehead et al. is for a clock mechanism for automobiles and the like, the essential object of which is stated in that inventor's specification as being "the provision of a durable reliable and convenient clock-mechanism for automatically effecting the winding of a time-piece as an incident to steering." Whitehead's clock is stationary relative to the car, being mounted on the stationary structure of the steering column (instead of movable with the wheel as in appellant's device), and is wound through a gearing connection by turning the steering wheel in one direction only. Specifically, as stated by the examiner below, the clock is wound "by rotating the steering wheel relative to the stationary column to which the clock is fixed, the steering wheel being connected to the mainspring through a gearing including a ratchet connection whereby the clock is wound by rotation of the steering wheel in one direction only." In addition to the clock winding mechanism, Whitehead's wheel has several control features with which we are not directly concerned and the clock casing is mounted for reciprocation to open and close a horn switch.

The patent to Amburgey has particular reference to a power transmission mechanism connected to a clock for utilizing wind power to wind up the spring motor of the clock. The clock is mounted within a rotatable member, such as a sign (supported by a stationary column), and winding is effected by movement of the clock parts relative to a stationary member.

The patent to Hennessey is for a clock winding mechanism, and was principally cited as pertinent prior art because of its showing of a pawl and ratchet mechanism to transmit rotary motion to a gear train for winding a clock.

In its affirmance of the examiner's rejection of the claims on appeal, based on the prior art combination of Whitehead et al. in view of Amburgey and Hennessey, the Board of Appeals reviewed the position taken by examiner

and expressed its agreement therewith as follows:

"The Examiner acknowledges that the clock of Whitehead et al. is fixed to the stationary steering wheel column of an automobile instead of on the steering wheel as in appellant's apparatus and that it is mounted for axial movement to serve as a horn button. His position is stated as follows * * *:

" ' * * * it appears to be clear that where the horn button feature is to be dispensed with and where the clock is merely to be used as a timepiece, located at the center of the steering wheel, and is to be wound by the rotation of the steering wheel it would only be following the teaching of Amburgey to mount the clock on the steering wheel as a rotatable support and to fix the input end of the winding connection to the stationary steering column. The opening into the clock casing for admitting the winding connection (spring winding drive) would obviously be coaxial with the axis of rotation of the steering wheel, as taught by Amburgey.'

"The Examiner relies on Hennessey for a showing that the use of a pawl and ratchet means for winding a clock is old and contends that the use of this type of ratchet drive in lieu of the wheel ratchet type of drive of Whitehead et al. is only an obvious substitution of equivalents and hence devoid of invention. He further states that the location of the ratchet means at the input end instead of the output end of the winding connection is merely a matter of choice and expediency.

*       *       *       *       *       *

" * * * We agree with the Examiner that it would not involve invention to fix the clock of Whitehead et al. against axial movement relative to the steering wheel position if the horn button feature is to be dispensed with. This, in our opinion, would be apparent to the ordinary mechanic familiar with the art. It is also our view that whether the clock is mounted on the steering wheel or on the steering wheel post is only a matter of choice amounting to a mere reversal of parts. When the clock is mounted on the wheel for movement therewith it appears elementary that the ratchet actuating means must of necessity be connected to some stationary part of the vehicle. * * *

"The ratchet mechanism of Whitehead et al. is, in our opinion, a full mechanical and patentable equivalent of the pawl and ratchet arrangement in appellant's structure. Certainly, it would not require exercise of inventive ingenuity to substitute for the circularly arranged ratchet teeth of the reference structure the well known pawl and ratchet arrangement illustrated by Hennessey."

In its discussion of the fixed plug element of appellant's device, the intended function of which is to hold the stationary parts of the clock within the casing and act as a dust tight joint with the clock casing aperture, sealing the case against the entrance of dust, the board held that the ratchet piece of Whitehead has a general sealing function, and that further, in Amburgey, stationary plugs are provided in the upper part of the stationary column for the purpose of sealing the chamber wherein the clock is mounted.

In his brief on appeal, appellant maintains that the board incorrectly analyzed and applied the references in combination to anticipate his device, and that there is no teaching in any of these patents for so combining them as to arrive at the structure set forth in the claims on appeal. We have carefully considered the reasons prompting appellant's argument in support of the view expressed, and while no single prior art reference of record shows all of appellant's structural elements in the relationship as claimed, we think the board clearly and correctly demonstrated in its

opinion that there is abundant suggestion in the prior art for modification of the structures of the references to arrive at appellant's device.

The position taken by the Solicitor for the Patent Office is that the Whitehead reference fails in being completely anticipatory of appellant's structure, as defined in representative claim 9, supra, only in that (1) Whitehead's clock is fixed to the car while the actuating gear moves with the steering wheel, and (2) the means in Whitehead for transmitting the motion of the steering wheel is a gear and ratchet combination instead of a pawl and ratchet as in appellant's device.

As to the first difference, the solicitor states, and we think correctly, that to reverse the operation of the relatively moving parts in Whitehead to make the clock move with the wheel would not amount to invention, mere reversal of such movement being an obvious expedient, citing In re Einstein, 46 F.2d 373, 18 C.C.P.A.,Patents, 885, and Duner Co. v. Grand Rapids R. Co., 6 Cir., 171 F. 863. In similar respect, the showing in Amburgey of a rotatable mounting for a clock wherein winding is effected by movement of the clock parts relative to the stationary member is also important to recognize as affording a clear suggestion.

As to the second difference, the solicitor argues that a pawl and ratchet is the mechanical equivalent of a gear and ratchet, each designed to accomplish positive rotation of a member in one direction only, and the provision of either would be merely a matter of choice with the designing engineer. We believe the solicitor's position in this respect cannot be disputed. Further reference is made to Hennessey's teaching of a pawl and ratchet to transmit rotary motion to a winding gear train. Adaptation of this device to Whitehead would involve nothing more than the expected skill of the art.

As to the remaining claims featuring appellant's fixed plug, the previously in-dicated manner in which Amburgey has provided for sealing of a movable clock casing by a stationary member imparts, in itself, sufficient suggestion negativing the inventive status urged by appellant in the provision of such a structure.

Being of the opinion that the board's rejection of the appealed claims was not based on knowledge derived and applied from the application disclosure, as argued by appellant, but instead on clear teaching to be found in the cited prior art, the decision of the Board of Appeals is affirmed.

Affirmed.

On account of illness, GARRETT, C. J., did not participate in the hearing or decision of this case.